SAMUEL BAKER, Respondent, v. CITY OF INDE-PENDENCE, Appellant.

**Kansas City Court of Appeals, May 16, 1904.**

1. MUNICIPAL CORPORATIONS: Defective Sidewalks: Practice: Curing Defective Instruction.   An instruction for the plaintiff assumed the existence of the defect in the sidewalk and was therefore faulty; but another instruction for the plaintiff fully and correctly required the plaintiff to prove the dangerous condition of the sidewalk and thereby cured the former fault.

2. ————: ————: Scienter: Repair: Instruction.   Before a city is liable for a defect in its sidewalks it must have had knowledge thereof a sufficient time to have repaired the same before the happening of the alleged injury, and an instruction failing to so state is error.

3. APPELLATE PRACTICE: Theory of Trial: Instructions.   The theory on which a case was tried is ascertained largely if not wholly from the instructions of the parties; and if a litigant goes to the jury under the misleading instruction he assumes the consequences.

4. TRIAL PRACTICE: Pleading: Res Adjudicata.   The matter of *res adjudicata* in a former trial must be pleaded, since the court can not otherwise take cognizance thereof.

5. APPELLATE PRACTICE: Serving Abstract: Inadvertence.   An appeal is not dismissed for the failure to serve an abstract in time because of an inadvertence and miscalculations.

Appeal from Jackson Circuit Court.—*Hon. A. F. Evans,* Judge.

REVERSED AND REMANDED.

*Flournoy & Flournoy* for appellant.

(1)   The trial court erred in giving plaintiff's instruction No. 2. Said instruction assumed that the sidewalk was defective, when it should have left that question, the most important one of the case, for the jury to answer, from the evidence. (2)   The court erred in giving plaintiff's instruction No. 3. Said instruction fails to restrict the right of recovery to the specific act of negligence alleged in the petition, and also fails to express the principle that defendant had a reasonable time to repair, after it knew or by the exercise of ordinary care should have known, that the sidewalk was defective. Instructions should always restrict the right to recover to the specific negligence alleged in the petition. Jacquin v. Cable Co., 57 Mo. App. 320; Colliott v. Mfg. Co., 71 Mo. App. 163; Melvin v. Railway, 89 Mo. 106; Benson v. Railroad, 78 Mo. 504; Schlereth v. Railroad, 96 Mo. 509; Hite v. Railroad, 130 Mo. 152; McManamee v. Railroad, 135 Mo. 440; Bartlet v. Railway, 148 Mo. 124; Chitty v. Railway, 148 Mo. 64; Colyer v. Railway, 93 Mo. App. 147.

*Callahan & Dryden* for respondent.

(1)   The appeal in this cause should have been dismissed because of appellant's failure to comply with rule No. 15. This rule is mandatory. Union v. Union, 76 Mo. App. 680; Ladd v. Williams, 100 Mo. App. 51. (2)   The objection to instruction No. 2 is that it assumes that the sidewalk was defective. We do not think that the instruction is subject to this criticism, and that it simply requires a reading of the instruction to see that it does not assume that fact. (3)   But if this instruction had assumed this fact it would simply be necessary to ask the application of the well-established rule of law that all the instructions given in a case must be taken together, and if all the instructions taken to-

gether fairly present the law applicable to the case, an
error in one instruction alone would not necessarily be
reversible error. Squiers v. Kansas City, 100 Mo. App.
628; Fisher v. Packing & Provision Co., 77 Mo. App.
114; Yocum v. Trenton, 20 Mo. App. 489. (4) The
case was tried not upon the theory that the defendant
had actual knowledge of the unsafe and defective condi-
tion of this walk at this point, but the case was tried
upon the theory, and the instructions were given
upon the theory of constructive knowledge of its de-
fective condition. We think this instruction fairly
stated the law applicable to this case and has been
approved in the following cases: Hemphill v. Kansas
City, 100 Mo. App. 563; Clark v. Brookfield, 97
Mo. App. 20; Williams v. Hannibal, 94 Mo. App. 549;
Young v. Webb City, 150 Mo. 333; Shipley v. Bolivar,
42 Mo. App. 401; Reed v. Mexico, 101 Mo. App. 158.
(5) Respondent's contention is that neither instruc-
tion No. 2 nor instruction No. 3 is open to either of the
objections made by appellant, but that these instructions,
each of them, technically state the law correctly, but if
the instructions, either of them, should be technically in-
accurate, still upon the whole record of this case the
judgment is for the right party, and in such case this
court will not reverse the case, though error was commit-
ted at the trial, and that unless errors materially affect
the merits of the action and are actually prejudicial to
the substantial rights of complainant, they will not work
a reversal of the judgment. State ex rel. v. Jones, 131
Mo. 194; R. S. 1899, sec. 865; Nave v. Adams, 107 Mo.
414; Williams v. Mitchell, 112 Mo. 301; Orth v. Dorsch-
lein, 32 Mo. 366; Johnson v. Armdall, 34 Mo. 338; Phil-
lips v. Bachelder, 47 Mo. App. 52; Clark v. Waldron, 39
Mo. App. 21; Fell v. Mining Co., 23 Mo. App. 217; Hoff-
man v. Railway, 51 Mo. App. 273; Brandon v. Carter,
119 Mo. 572; Callahan v. Morse, 37 Mo. App. 189; State
ex rel. Briggs v. Edwards, 78 Mo. 479; Green v. St.

Louis, 106 Mo. 454; Hoskinson v. Adkins, 77 Mo. 537. (6) Again, the question of negligence of defendant is *res adjudicata* that question having been determined in the cases of Emma Baker v. City of Independence above referred to. Brown v. Railway, 96 Mo. App. 164; Brummell v. Harris, 162 Mo. 403; Nave v. Adams, 107 Mo. 414; May v. Crawford, 150 Mo. 504.

BROADDUS, J.—The plaintiff sued to recover for loss of services of his wife whom it is alleged was injured by reason of having fallen upon one of defendant's streets, whereby she was rendered unable to perform her household duties, etc. The petition charges: "That said sidewalk or crossing had been in the unsafe and dangerous condition hereinafter set forth for a long time prior to November 7, 1898, and for such a length of time as that defendant knew, and did know, or by the exercise of ordinary care could have known of such unsafe and dangerous condition. . . ." The defect which caused plaintiff to fall was a broken board in the sidewalk. The trial resulted in a verdict and judgment for the plaintiff from which defendant appealed.

One of the contentions of the defendant is that the plaintiff's instructions authorized a finding for him upon a different cause of action from that stated in the petition. But after an examination of the evidence preserved in the abstract we find that the contention is not well founded.

Instructions numbers two and three given for plaintiff are challenged as erroneous and misleading. Number two is as follows:

"The court instructs the jury that the defendant corporation was bound by law on or about the seventh day of November, 1898, to use all reasonable care, caution and supervision to keep its streets and sidewalks in a reasonable condition for travel, in the ordinary modes of travel, and if it failed to do so, it was, and is, liable

to plaintiff for damages resulting to him, if any, in consequence of such failure, by reason of his wife, Emma Baker, falling upon said defective sidewalk, at the northwest corner of the intersection of Main and Farmer streets, if you find from the evidence that she did so fall, provided that the said Emma Baker, herself, was, at the time she received her injuries, if any, exercising reasonable care and caution.''

The objection to this instruction is that it assumes that the sidewalk in question was defective. The objection is well founded and the instruction should not have been given. But as instruction number three given for the plaintiff did state the law fully and correctly which required plaintiff to prove that the condition of the walk at the time of the injury was unsafe and dangerous, we think this cured the defect of the former, and the jury could not have been misled by the former. The latter instruction (number three) is as follows:

''The court instructs the jury that if, from the evidence in this case, you believe that plaintiff, Samuel Baker, and Emma Baker, were on the seventh day of November, 1898, husband and wife, and ever since said date have been, and now are husband and wife, and that on or about the seventh day of November, 1898, plaintiff's said wife, Emma Baker, was injured on a sidewalk on the west side of North Main street, and the north side of Farmer street, near where the same connects with or joins the sidewalk on the north side of Farmer street, or near the northwest corner of the intersection of said Main and Farmer streets, in Independence, Missouri, and that said sidewalk was on or about said date in an unsafe and dangerous condition for travel in the ordinary means of travel, and that such unsafe and dangerous condition was known to defendant, or its agents and servants, prior to said seventh day of November, 1898, or that said sidewalk had been and remained in such unsafe and dangerous condition, for much length of time, that defendant through its

agents and servants, could by the exercise of ordinary care and caution, upon their part, have discovered the same in time to have repaired it, and failed to do so, and that such injuries were occasioned by the unsafe condition of said sidewalk, and that plaintiff's wife, Emma Baker, was herself at the time she received such injuries if any, in the exercise of ordinary care and caution as defined in these instructions, then your verdict will be for plaintiff."

The objection is to that part which states, "*that such unsafe and dangerous condition was known to defendant or its agents and servants prior to said seventh day of November, 1898.*"    The error consists in not qualifying it with the further language, *in time to have repaired it before the injury.* The plaintiff admits the defect, but seeks to avoid its consequences upon the ground that the case was tried upon the theory only of constructive notice upon the part of the defendant.

The theory upon which a case was tried is ascertained to a great extent, if not wholly, upon instructions offered by the respective parties; and the plaintiff ought not to be permitted to deny that the theory upon which he tried his case was otherwise. If a litigant goes to the jury upon a bad instruction which is misleading and calculated to work prejudice to his adversary, he must assume the consequences.

But plaintiff claims that the error can make no difference, as the question was adjudicated in the case of Baker v. Independence, 93 Mo. App. 165, wherein his wife recovered on the same facts in issue herein, which was afterwards affirmed by this court, and cites us to the case of Brown v. Railway, 96 Mo. App. 164. But in the latter case the result of the trial was pleaded as *res adjudicata.* Not so here. The court could not take cognizance of the facts and adjudication therein unless pleaded.

The plaintiff's motion to dismiss the appeal is overruled for the reason that appellant's failure to serve

plaintiff with a copy of its abstract and brief twenty days before the day the cause was docketed for hearing was inadvertent and not willful, its attorneys miscalculating the number of days required.

For the reason given the cause is reversed and remanded. All concur.