PHOEBE M. HITT, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, February 27, 1905.

1. **MUNICIPAL CORPORATIONS:** Defective Sidewalk: Notice: Repair. Where a defect in a street has existed for nearly two years the law will presume the municipality has not only had notice thereof but sufficient time to repair the same.

2. ———: ———: Presumption: Jury. A pedestrian ordinarily has the right to presume the street is in a reasonably safe condition, but at the same time he is required to exercise proper care which is a question for the jury.

3. ———: ———: ———: Light. The fact that the sidewalk is well lighted will not remove the presumption that it is safe unless the pedestrian has knowledge of the defect.

4. ———: ———: ———: Contributory Negligence. On the facts in the record there is no theory upon which to charge the plaintiff with negligence.

5. **DAMAGES:** Permanent Injury: Conflicting Evidence: Appellate Practice. Where there is conflicting evidence regarding the permanency of an injury the question is for the jury and not for the appellate court.

6. **APPELLATE PRACTICE:** Affidavit for Appeal: Clerical Error. Mere clerical errors are to be disregarded and an affidavit for appeal using the word "affidavit" where the word "appeal" should appear is a clerical error.

Appeal from Johnson Circuit Court.—*Hon. Wm. L. Jarrott,* Judge.

AFFIRMED.

*R. J. Ingraham* and *Jas. W. Garner* for appellant.

(1) Plaintiff's instruction numbered 1 does not require the jury to find that a sufficient time had elapsed before the injury (and after notice actual or construc-

tive) for the defendant by the exercise of ordinary care to have repaired the walk where plaintiff claims to have fallen. Baker v. Independence, 106 Mo. App. 507, 81 S. W. 501; Gerber v. Kansas City, 105 Mo. App. 191, 79 S. W. 718; Richardson v. Marceline, 73 Mo. App. 360; Maus v. Springfield, 101 Mo. 613; Yocum v. Trenton, 20 Mo. App. 493; Doherty v. Kansas City, 105 Mo. App. 173, 79 S. W. 716; Quinlin v. Kansas City, 104 Mo. App. 616; Burns v. St. Joseph, 91 Mo. App. 491. (2) The court erred in telling the jury in instruction numbered 2 and also in instruction numbered 5, that the plaintiff had the right to assume the walk was in a reasonably safe condition for the use of the public. Wheat v. St. Louis, 179 Mo. 579; Hutchings v. Priestly, 61 Mich. 352; Moberly v. Railway, 98 Mo. 183; Rapp v. Railroad, 106 Mo. 428; Myers v. Kansas City, 108 Mo. 487. (3) The court erred in giving instruction numbered 7 because it authorized the jury to disregard the evidence of experts without any regard to the other evidence or circumstances in the case. State v. Witten, 100 Mo. 528; Wood v. Barber, 49 Mich. 296; Cosgrove v. Leonard, 134 Mo. 434; Stevens v. Minneapolis, 42 Minn. 136; Kansas City v. Street, 36 Mo. App. 656. (4) The damages in this case were excessive and were not justified under the evidence in the case.

*Hardin & Taylor* for respondent.

(1) We ask that the appeal in this case be dismissed and the cause stricken from the docket for want of jurisdiction, on account of there being no proper affidavit for appeal, as required by law. R. S. 1899, sec. 808. The statutory requirements must be strictly complied with. Railroad v. Powell, 104 Mo. App. 362; Schnabel v. Thomas, 92 Mo. App. 180; Thomas v. Ins. Co., 89 Mo. App. 12. (2) The court committed no error in giving plaintiff's instruction numbered 1. Small v. Kansas City, 185 Mo. 291. Where the instruction is set out by Judge MARSHALL and expressly ap-

proved. (3) Appellant is unfair in its criticism of instructions numbered 2 and 5 given for plaintiff. The court did not say that the plaintiff had the right to assume the walk was reasonably safe. But in both of said instructions the jury are told that "in the absence of knowledge to the contrary" she had the right to assume that the defendant had performed its duty to the public. And the instructions are the law. Perrette v. Kansas City, 162 Mo. 238; Holloway v. Kansas City, 184 Mo. App. 19, 82 S. W. 89; Weller v. Railway, 164 Mo. 180. (4) The phrase "long time," used in instruction numbered 2 given for plaintiff, is not "an indefinite expression," as claimed by appellant. Shipley v. Bolivar, 42 Mo. App. 401; 2 Shear. & Redf., Neg., sec. 369; Franke v. St. Louis, 110 Mo. 523. "The damages in this case were excessive." They may be; but we deny that the amount awarded plaintiff is excessive. The testimony of the doctors, as in all cases, was conflicting. It was left for the jury, under appropriate instructions, to say whether plaintiff's injuries are permanent. Small v. Kansas City, 185 Mo. 291.

BROADDUS, P. J.—This suit was begun in the circuit court of Jackson county but was taken on change of venue to Johnson county. The facts on plaintiff's side were: That plaintiff while walking over a sidewalk of defendant city in March, 1902, at night, in the company of her two daughters, fell and was severely injured. The sidewalk in question was on the west side of and adjoining what is known as Convention Hall. That while she was passing along said walk she stepped into a hole which caused her to fall. It was shown that she was unacquainted with said sidewalk and that she was going along in the ordinary manner. Plaintiff's evidence was to the effect that said sidewalk was in an unsafe condition by reason of depressions and holes in the same. She testified that her foot became fastened in a hole and it had to be pulled out after she fell; and

that she fell forward on her knees, at which time her two daughters who were with her were walking on each side of and supporting her. She is corroborated in her statement as to how she received her injury by Mrs. Taylor, one of the daughters so with her. The other daughter is since deceased.

Defendant's evidence was to the effect that the walk was composed of concrete with a top layer of asphaltum; that it was in reasonably safe condition; that there were some depressions of a saucer or dish shape; that the sides of the depressions gradually sloped toward the center; and that there were no abrupt or broken edges to those depressions. It is conceded that whatever the condition of said walk, it was the result of heat from the fire which destroyed said hall in the month of April, 1900, except that there was some evidence that steel beams from the burned building fell with their ends against the walk making holes in the same. It is not denied that whatever its condition may have been the defendant had notice of it.

The trial resulted in a verdict for the plaintiff for $5,000, of which sum she entered a remittitur of $500; whereupon judgment was rendered in her favor for $4,500, from which defendant appealed.

Objection is made to plaintiff's instruction numbered one for the reason that it does not require the jury to find that a sufficient time had elapsed after notice of the defects in the walk for defendant to have repaired same. A similar instruction was held to be error in Baker v. Independence, 106 Mo. App. 507, 81 S. W. 501; Gerber v. Kansas City, 105 Mo. App. 191; Richardson v. Marceline, 73 Mo. App. 360; Maus v. Springfield, 101 Mo. 613. There are numerous other cases in this State to the same effect. It may be conceded that in all cases where it is a question as to whether a city has had a reasonable time within which to remedy a defect in its street after notice of such defect, to repair the same before an injury resulting therefrom, an in-

struction like the one in question would be defective. But where the defect has existed for a long time, the law presumes knowledge upon the part of the city and that it has had reasonable time within which to remedy such defect. In Small v. Kansas City, 185 Mo. 291, it is held that an instruction like the one in question under a similar state of facts was proper. In that case the defect had existed for over a year and the city's inspector had known of it for more than three months before the accident. The language of the court is: "There is no room in this case, therefore, for the application of the doctrine that the city must not only have actual or constructive notice of the defect in the sidewalk, but must also have a reasonable time within which to repair it." In this case the defect had existed for nearly two years. In such cases the law will presume that defendant had not only notice of the defect in the sidewalk, but also that it had sufficient length of time in which to repair it.

Instructions numbered two and five told the jury that plaintiff had the right to assume that the walk in question was in a reasonably safe condition for the use of the public. These instructions are criticised on the ground that the street was well lighted and that plaintiff could have discovered any defect if it existed had she exercised her senses while passing over it. There can be no denial but what the instructions state the law and that plaintiff had the right to assume that the sidewalk was reasonably safe. Yet, she was required to exercise proper care while passing over it, and if her injury was the result of want of such care she was not entitled to recover. But that was a question for the jury under the evidence and not a question for the court.

It is insisted that plaintiff had ample opportunity for knowledge of the condition of the sidewalk to have avoided the injury. If the fact that the place was well lighted is to be taken as conclusive evidence against her,

then defendant's contention is correct; otherwise, it is not. That is all the evidence in the case that would have justified the jury in finding that the plaintiff was not in the exercise of ordinary care. If she had looked for the defect she would undoubtedly have seen it. But she was not required to do this. She had the right, in the absence of knowledge to the contrary, to feel secure, presuming that the city had performed its duty in keeping its sidewalks safe; and the fact that the place was well lighted was no evidence of itself, unsupported by any other fact, showing want of care or of negligence on her part. The cases invoked by defendant do not support its contention in that respect.

Moberly v. Railway, 98 Mo. 183, was a case where the damages claimed arose over an injury at a railroad crossing. While the court acknowledged the law to be that every one exercises ordinary care in the absence of evidence to the contrary, it did not obtain in that case because there was evidence that plaintiff failed to use ordinary care in approaching and crossing the track. In Wheat v. St. Louis, 179 Mo. 579, plaintiff insisted that his mind was so engrossed in his business that he did not think of the obstruction in the highway, or thought he had passed it. He knew of the obstruction.. And the words used in the instruction, "in the absence of knowledge to the contrary" that the walk was unsafe is criticised for the same reason. In Lynch v. Railway, 112 Mo. 420, the court held that it was error to instruct the jury that the deceased had the right to presume that the mules drawing the car had bells attached to them. The evidence showed that the deceased, who was a boy, had every opportunity to know that they did not have bells attached to them. It was shown that he lived within one block of the track; that he had often been on that street; that the street was clear of obstructions at the time; that he crossed the street not over fifteen feet in front of the car; that the mules were moving at a walk; that he was not deaf; and that by the

exercise of the slightest prudence he could have seen the car and known that there were no bells on the mules.

The case here is very different from that last noted, in that the element of knowledge of the defect in the sidewalk was wholly lacking. So far as the evidence goes, it fails, as stated, to show that plaintiff had any knowledge of the defect in the street, and in the absence of such knowledge the presumption did exist as to her that the city had performed its duty in keeping its streets in a reasonably safe condition. And in the absence of evidence that she failed to exercise due care to ascertain the unsafe condition of the walk, the presumption continued. If she had had knowledge of the condition of the sidewalk before she stepped into the hole there would have been no such presumption. But so long as it was shown that the defect was there and unknown to plaintiff she had the right to presume that it was safe.

The specific facts were that she was a resident of Saline county, had no previous knowledge of the place, and was walking along with a daughter on each side holding her arms at the time she stepped into the hole. Under such a state of facts we can conceive of no theory upon which she was chargeable with negligence. If there was any error in these instructions it was harmless, for the finding on that issue was for the right party.

The criticism of instruction numbered seven given for plaintiff is without merit. It does not say what defendant claims it to do, and for that reason we will give it no further notice. There was no error in the action of the court in refusing defendant's instruction B, as everything it contained is included in instructions numbered three and four for plaintiff.

The injury plaintiff received was in her right foot and ankle. After her injury she was taken to her home at Blackburn where she was attended by her family

physician, Dr. Richart. At that time he found the ankle and foot and knee badly swollen and at that time he diagnosed the injury as a sprain, the foot being swollen to such an extent that he was not able to detect a bone fracture he afterwards discovered. He stated that a certain ankle bone was broken off; that he put a cast upon the limb; that a cast was still used at the time of the trial, and that she was unable to walk without its support. He further stated that the injury was permanent and that she suffered intensely, and that she would continue to suffer. And plaintiff and others testified that she was still unable to walk and that she suffered much pain.

On the other hand, medical experts testified that if there had been a fracture of the bone a perfect union had since taken place; that they could detect but little if any difference between her two ankles; that the injured ankle was slightly shrunken and slightly stiff, and upon being moved plaintiff complained of some pain; and that the condition of the ankle could be attributed to the treatment it had received at the hands of her physician. They further stated that the ankle with proper treatment would be relieved of its stiffness and pain; and that the injury was not permanent. If plantiff's case as made out is true, she was injured for life and the verdict is not excessive. If defendant's expert witnesses are to be credited she was not injured seriously and the judgment is grossly excessive. It was for the jury and not this court to say what the truth of the matter was.

Respondent contends that the appeal should be dismissed because the affidavit for such appeal does not comply with the statute. The defect consists in the affiant stating that "the affidavit prayed for by defendant," etc., using the word *affidavit* instead of the word appeal. That the statute must be strictly complied with has been consistently held by the appellate courts of this State. [Railroad v. Powell, 104 Mo. App. 362;

Schnabel v. Thomas, 92 Mo. App. 180; Thomas v. Ins. Co., 89 Mo. App. 12.]  It is our opinion, however, that the affidavit is substantially a compliance with the statute.  The error was merely clerical and it is a well-established rule of law that mere clerical errors are to be disregarded.

For the reasons given the cause is affirmed.  All concur.

