DELBERT HILL, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, May 9, 1910.

1. **MUNICIPAL CORPORATIONS: Personal Injuries: Notice of Claim: Proof of Service.** Section 5724, R. S. 1899, provides that as a condition precedent to a suit for injuries against a city of the second class, notice of claim must be served on the mayor. Proof of such service was properly made in this case by the introduction in evidence of the affidavit of the person making such service showing the notice served and the manner of service thereof.

2. **———: Defective Walks: Contributory Negligence: Instructions.** An instruction relieving a city from liability for negligence in the maintenance of a defective walk if there was a safer route known to plaintiff which he could have taken, and did not, was properly refused, because, first, there was no evidence that plaintiff knew of such defect; second, unless the defect was obviously so dangerous that a prudent person would not have used the walk, the question of plaintiff's negligence was for the jury.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin,* Judge.

AFFIRMED.

*W. B. Norris, O. E. Shultz* and *Phil A. Slattery* for appellant.

The court erred in admitting in evidence the written notice offered by plaintiff, there being no evidence that the same had been served upon the city. (a) The affidavit of Mr. Mitchell reciting that he had served the notice was not competent evidence. Patterson v. Fagan et al., 38 Mo. 82. (b) The statute requiring this notice to be served upon the city, does not provide that service may be shown by affidavit. R. S. 1899, sec. 5724. (c) The return as to service of notice or summons by

an officer, or by an individual, becomes evidence only when such is authorized by statute, and in such case, the return if regular on its face is binding on the parties. R. S. 1899, secs. 3634, 3356, 2888, 573, 589; Jeffries v. Wright, 51 Mo. 215.

*Allen, Gabbert & Mitchell* for respondent.

This notice was served in accordance with the only statute specifying how notices, not otherwise provided for in the act requiring notice, shall be served, to-wit, R. S. 1899, sections 586 and 589. These sections have been declared to be the general law governing the service of notices not otherwise provided for by law. Boyle v. Tolen, 8 Mo. App. 93; Hansard v. Insurance Co., 62 Mo. App. 149.

BROADDUS, P. J.—This is a suit for damages against the city of St. Joseph, for injuries received by plaintiff on account of an alleged defect in one of its sidewalks.

The injury was received on the 2d day of December, 1908, at the intersection of Clark and Green streets, while plaintiff was passing over a board sidewalk. Plaintiff's evidence tended to show that he lived on Green street a few blocks west of the place in question; that he was in the habit of passing over the walk, but prior to his injury he had never noticed its condition; that the walk was constructed of two boards placed lengthwise on wooden stringers each board about eight inches wide and two inches thick; that the end of one of the boards was loose and projected above the surface of the walk from four to six inches; that while he was passing over the walk he stubbed his toe against the end of this board that projected above the surface, fell, and was injured. There was evidence going to show that the walk had been in the defective condition for a sufficient length of time for the city

by the exercise of reasonable diligence to have discovered the defect and repaired it prior to the time of plaintiff's injury; and that the place in question was within the city limits.

Section 5744, Revised Statutes 1899, applying to cities of the second class, to which the defendant belonged, requires as a condition precedent to the maintenance of any action against such city for injuries growing out of any defect in any bridge, street, sidewalk or thoroughfare in such city notice shall be first given in writing verified by affidavit to the mayor, within sixty days of the occurrence for which such damage is claimed, stating the place and time when the injury was received, etc. The plaintiff introduced in evidence the notice required, with the affidavit attached of Orestes Mitchell, that he had served it on the mayor of the city.

The plaintiff recovered judgment for five hundred dollars, and defendant appealed.

One of the errors assigned by the defendant is the action of the court in admitting the evidence offered to prove that the notice required had been served upon the mayor. Said section 5724, does not provide how such notices shall be served nor by whom, nor how proven.

The General Statutes of 1899 provides how proof of service of notice shall be made in certain cases. Section 3634, relating to injunction, requires that proof of notice "shall be by the return of an officer, the evidence of a witness or by the acknowledgment of the adverse party, his agent or attorney, indorsed thereon."

Section 3356, relating to forcible entry and detainer, the notice demanding possession "When made by a judicial officer authorized to serve judicial process, his return shall be prima facie evidence of the facts therein stated; and if such demand be made by another person the return shall be sworn to by such

person; and shall then be prima-facie evidence of the facts therein stated."

Service of notice to take depositions may be made by any sheriff, marshal, constable, or by any competent witness, who shall make affidavit to the service. [Section 2888, R. S. 1899.]

Section 589, chapter 8, of the Code, also provides that any person who is a competent witness may serve notice, who shall make affidavit of such service.

The statute being silent as to how the notice should be served and proof of such service it was incumbent on plaintiff to adopt some method by which the mayor would get such notice. Under such circumstances he would be justified in saying to himself, as the Legislature has provided how notices in other cases may be served and how proof of such service may be made in important matters, it will be sufficient for me to adopt one of such methods. Accordingly he adopts the method provided for service and proof of service, under section 589, of the Code and proof of service, under section 2888, regulating notices to take depositions.

The statute being silent as to the matter, it was, after all, a question for the court. It was for the court to say whether Mitchell was a proper person to serve the notice and his affidavit sufficient evidence of its service.

Defendant assigns specific objections to instructions one and five, given for plaintiff, but we do not think they are well grounded.

Instruction B, asked by the defendant and refused by the court, reads as follows:

"The court instructs the jury that if you find from the evidence that the street and crossing at the point in question was in a dangerous condition, and you further believe from the evidence that there was a safer route known to plaintiff which he could have taken, then it was his duty to take such route, and if he failed to do so, your verdict will be for the defendant."

This instruction raises a question of contributory negligence and we might dispose of it for the reason that it was not shown that plaintiff had prior knowledge of the defect, but it is objectionable on the ground that if plaintiff had known of such defect, it was not of such a character that it was obviously so dangerous that a prudent person in the exercise of ordinary care would not have attempted to pass over it. And if he had had such knowledge of the defect it would have been a question for the jury whether plaintiff was guilty of contributory negligence in not taking another and a safer route. We find no error in the trial. Affirmed. All concur.