## MARY O'DONNELL, Respondent, v. CITY OF HANNIBAL, Appellant.

### Kansas City Court of Appeals, May 16, 1910.

1. **MUNICIPAL CORPORATIONS: Streets: Negligence.** Plaintiff while going home from church on a moonlight night was injured by tripping on the hinge of a cellar door in the sidewalk in front of a store on a public street. There was evidence that the hinge had been out of order so as to constitute an obstruction for a considerable period of time. Plaintiff was not going directly home but was purposely lengthening her walk. She was not inattentive to the sidewalk. Under the evidence the questions of defendant's negligence and plaintiff's contributory negligence were for the jury.

2. ———: ———: ———: **Sufficiency of Evidence: Inferences in Favor of Plaintiff.** In passing on a defendant's demurrer to the evidence the appellate court considers the essential facts and circumstances of the case from the view point of plaintiff's evidence.

3. ———: ———: ———. A city does not insure pedestrians against accident, nor is it liable for injuries caused by hidden defects which would not be discovered by ordinary care. But by implication a city invites pedestrians to use its sidewalks, and it owes a duty to make reasonable inspection and repair thereof.

4. ———: ———: ———: **Contributory Negligence.** The fact that plaintiff did not go directly home did not make her negligent as a matter of law. At most, her conduct was for the jury to solve. Plaintiff had a right to choose any route over the public streets that appeared reasonably safe, and her purpose in going one way instead of another was immaterial.

5. ———: ———: ———. Nor was plaintiff negligent because she engaged in conversation with her granddaughter as she walked. She was not required to give the sidewalk her undivided attention, but she might rely, to some extent, on the presumption that the city had performed its duty to keep the same in repair.

6. ———: ———: ———. Pedestrians in all degrees of care suffer their thoughts to be engaged by other things than the sidewalk in front of them. It is not contributory negligence as a matter of law for a pedestrian to trip against an obstruction, even though it is in plain sight. Generally in such cases the question is for the jury.

7. DAMAGES: Excessive. Under the evidence in this case a verdict for $2000 was not excessive.

Appeal from Randolph Circuit Court.—*Hon. Alex. H. Waller,* Judge.

AFFIRMED.

*Berryman Henwood* and *Willard S. Cave* for appellant.

(1) Every defect or imperfection in the streets or sidewalks of a city is not actionable, nor is the city a warrantor of the safety of its streets or sidewalks, or an insurer against accidents thereon. Craig v. Sedalia, 63 Mo. 417; Brown v. Glasgow, 57 Mo. 156; Russell v. Columbia, 74 Mo. 480. (2) A defect to put the city on notice must be open, obvious and palpable; proof of hidden or latent defects, which would not attract or arrest ordinary attention, is not sufficient. Dillon's Mun. Corps., sec. 1026.

*J. W. Hays, C. T. Hays* and *M. J. Lilly* for respondent.

A traveler on a sidewalk is not bound to keep his eyes constantly fixed on it in search of possible defects and if his attention is temporarily diverted to look aside, or for any other purpose, he is not as a matter

of law guilty of contributory negligence. Lattimore v. Electric Light Co., 128 Mo. App. 37; McCormick v. City of Monroe, 64 Mo. App. 197; Barr v. Kansas City, 105 Mo. 550; Coffee v. Carthage, 186 Mo. 573; Webb v. Heintz, 97 Pac. Rep. 753; Taylor v. Springfield, 61 Mo. App. 263.

JOHNSON, J.—Plaintiff, a woman sixty-five years of age, sued the city of Hannibal, a municipal corporation, to recover damages for personal injuries alleged to have been caused by the negligence of defendant in maintaining a public sidewalk in a defective condition for travel. A trial of the issues resulted in a verdict and judgment for plaintiff in the sum of two thousand dollars. Defendant appealed and contends in argument, first, that the jury should have been directed by the court to return a verdict for defendant; second, that error was committed in the rulings on the instructions and, third, that the verdict was excessive.

The injury occurred about nine o'clock p. m. February 17, 1907, on Sixth street, a public thoroughfare, the general course of which is north and south. Plaintiff and her granddaughter, returning from church, were walking north on the granitoid sidewalk on the west side of the street. She was not in the habit of using that sidewalk in going to and from church as it was not the most direct way, but on this occasion, the weather being pleasant, she chose the longer way. No street lamps were burning; the moon was shining, but it was low in the west and the sidewalk lay in the shadow of buildings. Plaintiff was not inattentive to the sidewalk, but was conversing with her granddaughter who walked a few steps in advance of her. While thus proceeding, plaintiff tripped on the hinge of a cellar door in the sidewalk in front of a confectionery store, and fell heavily forward, sustaining the injuries of which she complains. The sidewalk was nine feet wide and the opening to the cellar from the

street extended five feet into the sidewalk. The opening was covered with two wooden doors which opened from each other. They were attached to the granitoid walk by means of ordinary farm gate hinges. The doorway was much used by the occupants of the store and the evidence of plaintiff tends to show that one of the hinges had become loosened to the extent that it was raised above the surface of the doors and walk some two or three inches; that in stepping over this place, plaintiff's toe caught under the hinge and was held there during and after her fall and until removed by her companion, and that the defect had existed a sufficient time and was so obvious to ordinary inspection as to warrant the inference that defendant had actual or constructive knowledge of its existence in time to have repaired it, had reasonable care been exercised.

These facts are collected from the evidence most favorable to plaintiff. All of them of an accusatory character are strongly contested by the evidence of defendant, but in passing on the demurrer to the evidence, it is our duty to consider the essential facts and circumstances of the case from the viewpoint of plaintiff's evidence, and from this position, we have no hesitancy in saying that the inference is fair and reasonable that negligence of defendant was the proximate cause of the injury.

We recognize as sound the rules of law invoked by defendant. In cases of this character, negligence is the ground of liability; the city is not an insurer against accidents (Dillon on Municipal Corporations, section 1019), and "Where the defect is hidden and the city has no actual knowledge of its existence, and the evidence fails to show that it existed a sufficient length of time to justify the assumption that by the exercise of ordinary care and diligence the city might have known of its existence, there is no such negligence as will justify a recovery for injuries resulting from the accident." [Badgley v. St. Louis, 149 Mo. 122; Carvin

v. City, 151 Mo. 334; Baustain v. Young, 152 Mo. 317; Baker v. City, 106 Mo. App. 507.] But these rules applied to the facts and circumstances under consideration do not militate against the inference of negligence. The loosened and protruding hinge was a dangerous obstruction in the public way, prepared and opened for travel. By implication, the city invited pedestrians to use that sidewalk and assured them that it was reasonably safe and free from dangerous obstructions. The city assumed the duty of exercising ordinary care in the inspection and repair of the sidewalk and its failure to discharge that duty would constitute actionable negligence. We think the evidence presents the issue of negligence or no negligence as one of fact for the jury to determine.

We do not agree with counsel for defendant that plaintiff should be held guilty in law of contributory negligence. At most, her conduct was an issue for the jury to solve. Counsel comment on the fact that she chose the longer way home not from necessity but "for the purpose of taking a walk, the weather being pleasant and the night moonlight." She had a right to choose any route over the public streets that appeared reasonably safe and her purpose in going one way instead of another was immaterial. Further, stress is laid on the fact that at the time she tripped, she was looking at her granddaughter and not at the sidewalk before her. Counsel are trying to hold plaintiff to the duty of exercising extraordinary care. The sidewalk, though in shadow, was sufficiently lighted for a person observing ordinary care to tell whether or not the way ahead was obstructed by objects of any magnitude and the evidence of plaintiff shows that she bestowed reasonable attention to her way. She was not required to give the sidewalk her undivided attention, but she might rely to some extent on the presumption that it was free of snares and pitfalls; that the city had performed its duty.

Pedestrians of all degrees of care suffer their thoughts and senses to be engaged by other things than the sidewalk in front of them, and it is not contributory negligence *per se* for a pedestrian to stump his toe against a protruding gas pipe, hinge, or similar obstruction, though it be in plain sight. Generally, in such cases, it is a question of fact for the jury to determine whether or not the plaintiff was observing due care. The demurrer to the evidence was properly overruled. What we have said sufficiently answers the objections to the rulings of the court on the instructions.

The verdict was not excessive. Plaintiff received serious and painful cuts and bruises on her face, shoulder and back. One of her kidneys was dislocated and became a "floating kidney." Before her injury, she weighed one hundred and eighty-five pounds and at the time of the trial, she weighed but one hundred and forty-two pounds. The physician who attended her testified that she is a nervous wreck and that her condition will be permanent unless she undergoes a major operation of great danger to a person of her age. The allowance of two thousand dollars, as damages for such injuries certainly does not bespeak passion or prejudice on the part of the jury.

There is no substantial error in the record and, accordingly, the judgment is affirmed.