MARY A. ALEXANDER,· Respondent, v. CITY OF
ST. JOSEPH, Appellant.

**Kansas City Court of Appeals, May 5, 1913.**

1. **NEGLIGENCE: Municipal Corporations: Obstruction in Sidewalk.** The plaintiff was not walking along taking no precaution for her own safety. She was looking where she was going, but her attention was momentarily diverted to a frightened team showing signs of being about to run away and in her direction, and at this moment she stumbled and fell over a stump in the sidewalk. *Held*, that she was not required to keep her eyes glued to the sidewalk but had the right to assume the walk was reasonably safe for travel and that throughout its entire width of twelve feet.

2. ———: ———: ———. Where a stump 5 or 6 inches in diameter and extending 3 or 4 inches above the surface was left in a city sidewalk for 5 or 6 months until a lady walking along the sidewalk stumbled over the stump and fell, thereby injuring herself, this makes a sufficient showing of negligence on the part of the city to be submitted to a jury.

3. ———: ———: **Contributory Negligence.** It is not contributory negligence as a matter of law for a pedestrian to trip against an obstruction even though it was in sight, unless it was so obvious that it could not possibly fail to escape notice if one were using the ordinary senses.

Appeal from Buchanan Circuit Court.—*Hon. W. D. Rusk*, Judge.

AFFIRMED.

*W. B. Norris, O. E. Shultz*, and *Phil A. Slattery* for appellant.

Plaintiff was guilty of contributory negligence in attempting to leave the sidewalk and pass into the street at a point other than the usual street crossing and while so doing, when in close proximity to the curb and gutter, in failing to observe where she was going, but continued walking while looking in another

direction at a passing street car and team of horses. Woodson v. Street Railway, 224 Mo. 685; Alline v. City of Lemars, 33 N. W. 160; McLaury v. City of McGregor, 7 N. W. 91; Village of Kewanee v. Depew, 80 Ill. 119; Tolan v. Philadelphia, 35 Pa. Sup. Ct. 311; Shallcross v. Philadelphia, 40 Atl. 818; McIlhenney v. Philadelphia, 63 Atl. 368; City of Dayton v. Taylor's Admr., 56 N. E. 480.

*Mytton & Parkinson* for respondent.

(1) It is not contributory negligence as a matter of law for a pedestrian to trip against an obstruction even though it is in plain sight. In such cases the question is for the jury. O'Donnell v. Hannibal, 144 Mo. App. 155; Hill v. St. Joseph, 143 Mo. App. 389; Coffey v. Carthage, 186 Mo. 574. (2) It is the duty of a city to keep its sidewalks in repair, and persons using them have the right to presume that this duty has been performed, and that they are in safe condition for the use of the public. Roe v. City of Kansas, 100 Mo. 190; Coffey v. Carthage, 186 Mo. 574. (3) The existence of the stump extending from three to four inches above the surface of the sidewalk rendered it dangerous and unsafe for pedestrians, and permitting it to exist in that condition was negligence on the part of the city. O'Donnell v. Hannibal, 144 Mo. App. 155; Rose v. Kansas City, 141 Mo. App. 278; Hill v. St. Joseph, 143 Mo. App. 389; Urtel v. City of Flint, 80 N. W. 991; Wedderburn v. Detroit, 108 N. W. 102; Mullins v. Seigel-Cooper Co., 183 N. Y. 129.

TRIMBLE, J.—Respondent, a lady fifty-six years of age while walking down the west side of Eleventh street in the city of St. Joseph about 1:30 p. m., was injured by a fall caused by stumbling over a stump of a tree in the sidewalk about a foot and a half or two feet inside the curb and extending three or four inches above the surface of the walk. The sidewalk

was brick and extended from the property line to the curb making the walk twelve feet in width.   This stump was five or six inches in diameter and had been there in the sidewalk for at least five months prior to the injury.

Penn street, running east and west, crossed Eleventh street a short distance north of where the stump was.  A street car came along Penn street making a great noise and rapidly nearing the crossing at Eleventh street.  At the same moment a team coming south on Eleventh street was also approaching this crossing and "cutting up like it was going to run away."  Respondent was looking where she was going, but seeing the team was frightened and likely to run away and in her direction, her attention was momentarily attracted to it.  Just then her toe struck the stump and she was thrown to the ground sustaining the injuries complained of.

The questions of the negligence of the city and of the contributory negligence of the plaintiff were properly submitted to the jury, and it decided the city was negligent and not plaintiff, and returned a verdict in her favor of $500.  Thereupon defendant applied to the trial court, in a motion for new trial, to have the verdict set aside on the ground, among others, that the plaintiff can in no event recover because she was guilty of contributory negligence and because the existence of the stump in the sidewalk was not such a defect as to render the city liable in damages.  Receiving an adverse ruling from the trial judge on these points, the case is brought to us.

The case will have to be affirmed.  It is not contributory negligence as a matter of law for a pedestrian to trip against an obstruction even though it is in sight, unless it was so obvious as that it could not possibly fail to escape notice if one were using the ordinary senses.  [O'Donnell v. Hannibal, 144 Mo. App. 155.]  The question of plaintiff's negligence is

for the jury. [Hill v. City of St. Joseph, 143 Mo. App.
389; Coffey v. Carthage, 186 Mo. 573, l. c. 584.] In
this last case the plaintiff testified that at the time she
stepped into the hole she was looking at a man, and
that she was a little scared was the reason she was
looking at him and for that reason was not at the mo-
ment paying attention to where she was walking, and
that if she had been she would not have stepped into
the hole. The Supreme Court held that the question
of her contributory negligence was for the jury. In
O'Donnell v. Hannibal, 143 Mo. App. l. c. 160, it is
said: "Pedestrians of all degrees of care suffer
their thoughts and senses to be engaged by other
things than the sidewalk in front of them, and it is not
contributory negligence *per se* for a pedestrian to
stump his toe against a protruding gas pipe, hinge, or
similar obstruction, though it be in plain sight. Gen-
erally, in such cases, it is a question of fact for the
jury to determine whether or not the plaintiff was ob-
serving due care." These two cases apply with pecu-
liar force to the case at bar. The plaintiff was not
stalking along gazing into vacuity and taking no
thought for her safety. On the contrary, her attention
was momentarily drawn to a frightened team liable
to run away and run in her direction. Under such cir-
cumstances she was not required to keep her eyes glued
to the sidewalk, but had a right to assume that it was
reasonably safe for travel, and that it was so through-
out its entire width. [Roe v. Kansas City, 100 Mo.
190.]

Permitting a stump, five or six inches in diameter
and extending three or four inches above the surface
of the sidewalk, to remain there five months is suffi-
cient to authorize the submission to the jury of the
questions whether the walk is dangerous or unsafe to
pedestrians, and whether the city was negligent in so
doing. [Hill v. St. Joseph, 143 Mo. App. 389; O'Don-

nell v. Hannibal, 144 Mo. App. 155; Urtel v. City of Flint, 80 N. W. (Mich.) 991; Mullins v. Siegel-Cooper Co., 183 N. Y. 129; Wedderburn v. City of Detroit, 108 N. W. (Mich.) 102.]    It is true defendant's evi-- dence was that the stump was not quite so large nor so tall, but in the consideration of the question before us we must take the evidence most favorable to the plaintiff.    Judgment affirmed.    All concur.