Thos James, tutor

vs

City of New Orleans, Appellant.

 8950 No.8950

Charles F.Claiborne, Judge.

June 25th 1923 .

June 25/23

F. J. Stansbury

8950

388

Thos James,Tutor

vs                                          No.8950

City of New Orleans,Appellant.

Charles F.Claiborne,Judge.

Plaintiff sues the City of New Orleans for $20,075 for injuries received in falling into a manhole on the sidewalk.

At about 3.30 P.M. the plaintiffs' mother was walking upon the sidewalk of Common Street;when she reached a point near the entrance of the St.Charles Hotel she stepped upon an iron lid or plate covering a manhole upon the sidewalk near the *or manhole* street;the lid tilted;her foot and leg fell into the hole,she *measuring 15 or 16 inches in diameter* suffered injuries which are alleged to have brought her to her· death.For this her children filed this suit.

The photograph of the sidewalk and of the manhole are in evidence.

The case was tried before a jury who rendered a verdict of $3500 .The defendant appealed.

The law of the case is settled by abundant decisions. In Lemoine vs City 151 La 565 the Court said:

"Municipal corporations owe it to the public to keep the sidewalks in such a condition that pesdestrians who are ordinarily careful will not be exposed to injury.The right of the citizens to recover damages for injuries sustained by reason of the failure  of the municipal corporation to discharge the mandatory duty thus imposed on it is beyond question". quoting many ·authobities.134 La 820-3 Abbott 1001 S 1014 p.2307 Elliott S 793-126 La 598-112 La 599-105 La 271-106 La 458-104 La 348-43 A 327-41 A 1035-leading case 30 A 220 - 2 Dillon . Sec 788 .

The question arises what is the extent of this Mandatory duty? The answer is found in the decisions and in commentators. 16 Am.Dig 789 : " A city is not liable for latent or unseen defects in its sidewalks not discoverable by the exercise

389

of ordinary care; and if a sidewalk at the time and place of an alleged accident is in a reasonably safe condition for ordinary travel thereon by persons using such degree of care and caution as reasonably prudent persons would use for their safety, the city is not liable for injuries resulting from its use".See 134 La 825 .3 Abbott Mun Copr S.1019 p.2313 " Actionable negligence cannot be predicated upon the existance of a latent defect which it is impossible to discover through ordinary agencies or means by the exercise of ordinary care and diligence".53 S.W.210-97 N.E.795-104 Pac 660-90 Atc.782 -88 N.E.188-128 S.W. 819 .

6 Mc Quillin S.2815 :

" If a defect in a street is a latent one, notice thereof will not be imputed to the municipality, provided the defect could not have been discovered by the exercise of ordinary care xxx if there is no reason to suppose the existence of latent defects they need not be searched for.3 Abbott A S.1041 p.2342.

It is also the law that in order to render the municipality liable it must have had notice of the dangerous condition of the sidewalk.125 La 356 .

3 Abbotts SM 1034 p.2328:

ª The existence of a liability depending absolutely upon the possession of knowledge of the defect by the public corporation, it is therefore necessary for the plaintiff to show affirmatively in all cases notice either actual or constructive of the particular defect causing the injury complained of and the lapse of reasonable time thereafter within which it might have been remedied in the exercise of ordinary care and diligence as depending upon the circumstances of that particular case".Also 3 Abbott S.1026 p.2321-30 A 220 .

Actual notice is notice to an officer of the municipality charged with the duty of maintaining sidewalks in good

condition or seeing that they are so maintained.

In the absence of actual notice a City is only liable for defects in sidewalks as are apparent.16 AM.Dig.789 125 La 859 .

" The municipality is chargeable with ( constructive ) notice of such defects as ordinary care and reasonable diligence would discover/and the fact that the defect is open to common observation is constroutive notice" 6 Mc Quillin S 2813 -30 A 220 .

S 2814: " If the defect has existed for such a length of time that the municilality in the exercise of ordinary care, ought to have discovered and remedied it ,notice of the defect will be imputed to the municipality" 3 Abbott p.2333 S 1038- 125 La 356-112 La 599-43 La 334 .

The nearest case to the one under consideration that we have beene able to find is that of Lorenz vs City 114 La 802 where a child stepped into a small hole in a plank forming part of the cover of a rire well in a street.But in that case " three witnesses stated that the plank was rotten;two of them testified that the hole had been in the plank for sev- eral months;plaintiff testified that he saw the hole in the covering about two weeks Before the accident;the hole in the rotten plank was about four inches wide xxx the plank was rotten, and the hole produced by decay had been visible for several weeks,if not months".

But in this case the manhole was made of iron,it lay flat,on a level with the sidewalk,and there was nothing about to indicate any defect in it,except that it looked old.It was only when one stepped upon it that it was discovered that it tilted.It is not contended that the City ever had any actual notice of its dangerous condition;nor was there anything about the lid exterior appealance of the lid or of the manhole sug- gestive of a defect.The City was not bound to make any minute

investigation or experiment to test the condition of the manhole. It was bound only for ordinary care and reasonable diligence in ascertaining its outward condition. In the condition in which the manhole was the only way by which the City could have ascertained its true condition would have been to walk upon it, or to have raised the lid, and to have made a close and minute inspection of it. This would have amounted to extraordinary diligence which the law did not demand. It had no occasion to do that as long as that particular defect had not been called to its attention and was not apparent. ✗

Witnesses testified that others besides the plaintiffs' mother, had slipped upon the manhole and had received injury. In the absence of proof that those accidents had been communicated to the City authorities they would not serve as evidence of actual or constructive notice to the City. They would not add to the outward appearance of the manhole, but would only serve to establish that there was a latent feature of danger in the manhole.

6 Mc Quillin S 2727:

"Prior accidents at the precise place where plaintiff was injured and caused by the same defect or obstruction, do not necessarily show negligence on the part of the municipality. If the full description of the alleged defect in a municipal case shows that it was not naturally dangerous, and must almost inevitably occur in the many street miles of City unless a grievously burdensome degree of care and expense is to be exacted, a recovery will not be allowed even though witnesses do testify to prior accidents" 86 N.E.833

It is therefore ordered that the judgment herein be reversed and set aside, and that there now be judgment in favor of the defendant rejecting plaintiffs' demand at their cost in both Courts.

Judgment reversed.
June 25th 1923.

392

*I respectfully dissent. There should be judgment for plaintiff but for not more than five hundred dollars.* [signature] Judge

[left margin handwritten notes, illegible]