W. J. Harris, Respondent, v. A. W. Powell, Appellant.

St. Louis Court of Appeals, January 2, 1894.

1. **Continuance:** INSUFFICIENCY OF APPLICATION. An application for the continuance of a cause owing to the absence of a witness is insufficient, if it fails to show why the deposition of the witness was not taken.

2. **Practice, Appellate:** NON-PREJUDICIAL ERROR. To warrant the reversal of a judgment on appeal, an error must materially affect the merits of the action.

3. **Practice Trial:** PRESERVATION OF EXCEPTIONS BY MOTION FOR NEW TRIAL. The propriety of remarks of the trial court in the exclusion of evidence will not be considered on appeal, when the exception thereto has not been called to the attention of the trial court by motion for new trial.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Dodge & Mulvihill* for appellant.

*Christian & Wind* for respondent.

BOND, J.—This action was begun before a justice for a medical bill for $37. Before the trial, defendant tendered $10.95, being $7 admitted to be due, and $3.95 costs at time of tender. This was refused by plaintiff who recovered judgment before another justice on change of venue, and subsequently on appeal recovered judgment in the circuit court. Plaintiff also refused to accept the tender in the circuit court. From this judgment defendant appeals.

On the trial in the circuit court there was an application for continuance on account of an absent witness. It, however, failed to show any reason for not taking the deposition of such witness, and was therefore properly overruled.

The evidence tended to show that plaintiff was called to see defendant's child on February 12, 1886, who was suffering from croup and bronchitis; that he made this and other visits as set out in his account, and charged therefor $37, rendered several bills to defendant and received from him, June 2, 1886, the following letter:

"*Dr. W. John Harris, City.*

"DEAR SIR: Your note with bill for $37 is at hand. I will try and pay you within a few weeks. I will see you, when I get ready. With thanks, yours,

"A. W. POWELL."

The evidence also tended to show that the bill was

not paid; that the plaintiff did not receive an order to stop his visits; that he only quit, because he inferred the child was well "from their having sent to his office for prescriptions."

There is a statement in the bill of exceptions calling for instructions given by the court of its own motion. There is also a complaint in the motion for a new trial, that the court erred in the instructions given of its own motion.

No instructions of the *court's own motion* are preserved in the record. "When a record discloses that other instructions were given, which are not stated, we cannot reverse for the giving of instructions which do not involve some substantial error prejudicial to appellant." *Haegele v. Western Stove Co.*, 29 Mo. App. 494.

We do not think the instructions preserved in the record prejudiced the rights of the defendant under the evidence in this record. The evidence shows by the express written admission of the defendant, with full knowledge on his part of the circumstances of the rendition of the services, that he agreed and promised to pay the exact amount for which the judgment was recovered in this case.

We are not authorized to reverse the judgment of any court, unless we should believe that error was committed by such court materially affecting the merits of the action. Revised Statutes 1889, section 2303. From the record before us we cannot see how any other result, than the one obtained on this trial, could be had upon a retrial of this case.

Complaint is also made by appellant as to the remarks of the court in excluding the evidence offered to prove the customs of physicians in visiting patients. The exception to these remarks of the court, not having been called to its attention in the motion for a new trial, is to be deemed waived.

Ins. Co. v. Rosenheim.

We think the result reached in this case is the only one which could be had under the law and the evidence. The judgment is, therefore, affirmed. All concur.