KATE DALEY, Appellant, v. J. S. REDBURN, Respondent.

Springfield Court of Appeals, May 2, 1910.

1. **PRACTICE:** Negligence: Instruction: Immaterial Variance Between Pleading and Proof. The petition alleged that plaintiff was injured by being thrown to the floor of a cab while the team hitched thereto was running away. In addition to evidence tending to show that the injury may have been received as alleged, the plaintiff also introduced evidence, without objection from the defendant, tending to show that plaintiff might have been injured while attempting to get out of the cab while the team was running. The court gave an instruction on behalf of the defendant to the effect that if the jury should find that plaintiff was injured while getting out, or attempting to get out of the cab, that they could not, under the pleadings, find for the plaintiff, and the court refused plaintiff's instruction authorizing a recovery on the same facts. *Held*, that the variance between the pleading and proof was immaterial, and; *held further*, that as the defendant did not object to the introduction of evidence tending to show that the injury was received while plaintiff was attempting to get out of the cab, he could not object to the submission of this proposition, and that the court erred in giving defendant's and refusing plaintiff's instruction.

2. **PLEADING: Practice: Evidence: Immaterial Variance Between Pleading and Proof.** Where the variance between the allegation in the pleading and the proof is not material, the court may direct the facts to be found according to the evidence, or may order an immediate amendment without costs. (R. S. 1899, sec. 656.)

3. **PRACTICE: Evidence: Variance: Waiver: Instructions.** Where a party fails to object to the introduction of evidence on an immaterial matter not covered by the pleadings, he waives his right to object to the giving of an instruction submitting the proposition covered by the evidence.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED.

*J. N. Burroughs* for appellant.

(1) If there is any immaterial variance between the pleading and the proof, the court should instruct on the evidence as it is adduced on the trial. Hensler v. Stix, 113 Mo. App. 162; Fisher v. Realty Co., 159 Mo. 562; Chouquette v. Railroad, 152 Mo. 257; Mellor v. Railroad, 105 Mo. 455; Madison v. Railroad, 60 Mo. App. 599; Edge v. Railroad, 206 Mo. 471. (2) Although there be a material variance between the pleading and the proof, defendant waives the point by failing to object to the introduction of the evidence. R. S. 1899, sec. 656; Litton v. Railroad, 111 Mo. App. 140; Ingerson v. Railroad, 116 Mo. App. 139. (3) The general rule obtains that a party who permits evidence to be introduced without objection cannot afterwards exclude such evidence by instruction. Shaefer v. Railway, 98 Mo. App. 445; Mann v. Balfour, 187 Mo. 290; Drehman v. Stifle, 41 Mo. 184; Ring v. Railroad, 14 Mo. 579.

*Green & Green* for respondent.

GRAY, J.—This suit was instituted in the circuit court of Howell county, on the 28th day of August, 1909. In the plaintiff's petition she alleges that she

entered a cab of defendant at the depot in the city of West Plains, to be transported to a point in said city; that while she was thus a passenger, the defendant carelessly and negligently so managed its team and cab that the team took fright and ran through the streets of said city with the cab in which plaintiff was seated, and on account thereof, "she was thrown down in said cab and on the side thereof, was jolted, dragged and bruised, and injured in her ankle, back, etc."

The answer was a general denial, with the plea of contributory negligence.

The testimony shows that the plaintiff resided at Kansas City, Missouri, and that she went to West Plains to visit a married daughter. The defendant was engaged in running a transfer line in said city. The driver of the defendant in charge of the cab, left the team unhitched and no person had the lines. Just after the plaintiff entered the cab, the team took fright at the noise of steam escaping from a locomotive standing at the depot, and started to run with the cab and the plaintiff in it. The testimony does not show whether the injury to plaintiff was caused by being thrown from her seat to the floor of the cab, or while trying to get out of the cab during the time the team was running away. There were no objections offered by the defendant to the testimony of the plaintiff that she attempted to get out of the cab while the team was running, and that her injury might have been caused thereby.

The cause was tried before a jury, resulting in a verdict in favor of the defendant, and the plaintiff has appealed to this court.

The evidence in behalf of the plaintiff was sufficient to take her case to the jury, and the only error complained of is the action of the court in giving an instruction in behalf of defendant, and refusing one asked by the plaintiff. The instruction given reads: "That even should you find by the greater weight of the evidence that plaintiff was injured while the team was

runing away, if you find that such injuries were caused by plaintiff attempting to get out of the cab, or that she received such injuries as she was getting out of the cab, then, and in such event, you cannot under the pleadings in this case find for the plaintiff." The instruction asked by plaintiff and refused, permitted a recovery on the facts stated in the above instruction.

The action of the court in giving the instruction complained of was based upon the idea that in as much as the petition did not allege that plaintiff received her injuries while attempting to get out of the cab, or as she was getting out of the cab, she was not entitled to recover if the injuries were so received.

Section 656, Revised Statutes 1899, reads: "When the variance between the allegation in the pleading and the proof is not material, the court may direct the facts to be found according to the evidence, or may order an immediate amendment without costs."

In Edge v. Electric Railway Co., 206 Mo. 471, 104 S. W. 90, the petition alleged that the plaintiff received his injuries by reason of a collision between two street cars. An amendment was offered to the effect that plaintiff received his injuries by jumping when he saw a collision was imminent. The court said: "Manifestly the amendment merely cured an immaterial variance. The gist of the cause of action alleged under both petitions was the negligence of the company giving conflicting orders; and whether the respondent was injured in the collision or by escaping from it is a matter of trivial importance."

The testimony was admitted without objection, and, therefore, the defendant waived the proposition submitted in the instruction. [Hensler v. Stix, 113 Mo. App. 162, 88 S. W. 108; Litton v. The Railroad, 111 Mo. App. 140, 85 S. W. 978; Fisher & Co. Real Estate Co. v. Staed Realty Co., 159 Mo. 562, 62 S. W. 443.]

The respondent relies upon a class of cases holding that if a pleader alleges specific acts of negligence as

cause of the injury, he must prove the alleged acts. What we have said in no wise conflicts with this doctrine. There was no failure in the cause to prove the specific act of negligence alleged. There was simply an immaterial variance between the petition and proof as to whether the plaintiff was injured by being thrown in the cab, or while she was trying to escape from it.

For the reasons foregoing, the judgment must be reversed and the cause remanded. All concur.