## MRS. C. E. GIBBS, Respondent, v. THE CITY OF MONETT, Appellant.

**Springfield Court of Appeals, April 1, 1912.**

1. **MUNICIPAL CORPORATIONS: Defective Sidewalk: Negligence: Contributory Negligence: Sufficiency of Evidence.** In an action against a city for injuries which plaintiff claimed to have received while walking on a public street in such city, it appeared that the city had constructed a board crossing across an alley and this board crossing was not as wide as the sidewalk to which it was connected and because thereof plaintiff, in stepping from the sidewalk to the crossing missed the planks and stepped into an open ditch. The evidence is examined and *held* sufficient to justify submitting the case to the jury on the question of defendant's negligence, and *held, further,* that the evidence did not as a matter of law, show hat the plaintiff was guilty of contributory negligence.

2. ———: **Negligence: Liability Where Officers Act Judicially: Construction of Sidewalk.** A city cannot relieve itself of liability to a pedestrian who is injured on account of the defective construction of a sidewalk on the grounds that the officers of such city act judicially in determining the plan of

such sidewalk and that a private action will not lie for error in judgment in that respect; for although this may be the general rule covering certain kinds of public works, yet it is not applicable to the building of an ordinary sidewalk.

3. ———: ———: **Contributory Negligence: Defective Sidewalk: Pedestrian's Knowledge of Defect.** The fact that a pedestrian forgets the existence of a defect in a sidewalk he is accustomed to travel over and is injured by the defect, is a circumstance to be considered by the jury in solving the question of contributory negligence. But it is not always conclusive evidence of such negligence.

4. **PLEADINGS: Evidence: Negligence: Contributory Negligence: Admitting Evidence Not Within Pleadings: Waiver.** In an action against a city for damages on account of injuries received by plaintiff due to the defective construction of a crossing, the petition did not charge the defendant with negligence on account of any grass or weeds growing at or near the crossing, but testimony regarding the weeds and grass was offered for the purpose of showing that plaintiff was not guilty of contributory negligence. This testimony was admitted without objection and defendant offered witnesses who testified regarding the grass and weeds. *Held*, that appellant was in no position to complain of the instruction covering this issue on the grounds that the same was not within the pleadings. *Held, further*, that the evidence was properly admitted on the issue of contributory negligence.

5. **APPEAL AND ERROR: Objections to Evidence: Preserving Photographs in Record.** Where appellant complains of the action of the trial court in admitting certain photographs in evidence, but does not preserve such photogrophs in the record, the objection to their introduction cannot be reviewed by the appellate court.

Appeal from Barry Circuit Court.—*Hon. Carr McNatt*, Judge.

AFFIRMED.

*John T. Burgess* and *T. D. Steele* for appellant.

(1) The court erred in not giving the demurrer in the nature of a peremptory instruction asked for by defendant at the close of plaintiff's evidence. There was no negligence on the part of the defendant in constructing the crossing complained of. It is shown to

have been constructed in a safe and substantial manner. (2) Defendant earnestly insists that the plaintiff's own negligence and carelessness was the proximate cause of her injury and the court erred in not sustaining defendant's demurrer to plaintiff's evidence. Wheat v. St. Louis, 179 Mo. 572; Webber v. Railroad, 100 Mo. 315; Stindlenger v. Kansas City, 126 Mo. 315; Foster v. Swope, 41 Mo. App. 137; Cohn v. Kansas City, 103 Mo. 192; Hayes v. Columbia, 141 S. W. 3; Ryan v. Kansas City, 232 Mo. 471.

*Sizer & Kemp* for respondent.

(1) In determining a demurrer, the court will give plaintiff's case every favorable inference that can fairly be drawn. Holloway v. City, 184 Mo. 19; Klankenbrink v. Railroad, 172 Mo. 688; Phelon v. Paving Co., 227 Mo. 704. (2) As appellant did not stand on its demurrer at close of plaintiff's case, but put on its own evidence, plaintiff is entitled to all the evidence from the defendant's side in aid of her case. Phelon v. Paving Co., 227 Mo. 704. (3) The main point urged by appellant along this line is that this court should declare as a matter of law that plaintiff was guilty of contributory negligence because she happened to use this expression in her testimony: "I was at the north end (meaning side) of the walk like, and not noticing stepped on the corner and stepped into the ditch." When this testimony is taken into consideration with her other testimony and especially where she testifies she could not see anything, it makes a plain case for the jury. Swails v. City, 138 S. W. 943; Powers v. City, 91 Mo. App. 65. (4) Besides the fact that it was dark and no lights and that plaintiff could not see anything, makes this case one for the jury to say whether or not she was guilty of negligence. Holloway v. City, 184 Mo. 29. (5) Even knowledge of a defect will not bar a recovery. Swails v. City, 138

S. W. 948; Loftis v. City, 156 Mo. App. 683; Grony v. City, 141 Mo. 180; Wheat v. City, 179 Mo. 578; Barr v. City, 105 Mo. 550.

GRAY, J.—Plaintiff was injured while walking on Bond street, a public street in the defendant city. Bond street runs east and west, and according to plaintiff's testimony, was much traveled. Between Sixth and Seventh streets, which run north and south, Bond street is crossed by an alley. On the south side of the street, and extending east to the alley, a sidewalk had been constructed four feet wide. The alley was an open ditch about eighteen inches deep from the top of the walk. To enable persons to pass over the alley, the city had constructed a board crossing, consisting of three planks about seven feet long, laid on a line with the south side of the walk. and extending north three feet.

Plaintiff lived about 250 feet from the crossing, and had passed over the same a number of times by day and night, previous to the time she was injured. She testified, however, that she had not noticed until after she was injured, that the plank crossing was not as wide as the walk. On the night she was injured, she attended church with another family, consisting of a man and his wife and baby. After church they started to plaintiff's home, and were walking on the sidewalk on Bond street, just west of the plank crossing. They were travelling east, and the husband was walking in front pushing a baby carriage. The plaintiff and the other lady were following, the plaintiff walking on the outside. The night was very dark, and there were no lights, and as plaintiff walked along on the north side of the walk, she missed the planks and stepped into the open ditch, and received her injuries.

The answer consisted of a general denial and a plea of contributory negligence. The cause was tried before a jury at the July term, 1911, of the Barry

County Circuit Court, resulting in a verdict for plaintiff in the sum of $350 and from the judgment rendered thereon, defendant appealed.

Appellant's first contention is, that the court should have sustained the demurrer to the evidence. This contention is based on two grounds: First, that the evidence failed to show that the city was guilty of any negligence; and second, that plaintiff was guilty of contributory negligence, as a matter of law.

The city contends that the crossing was constructed and maintained on a general plan of street improvement adopted and pursued by the city, and therefore, it is not liable for the condition of the crossing. The city offered to prove that other crossings in the city were not as wide as the one where plaintiff was injured. This testimony was excluded, but the court offered to permit the city to prove that such crossings were in usual use in the city where the same were over ditches, similar to the alley where plaintiff was injured. The defendant pursued the question no further.

In Kuntsch v. New Haven, 83 Mo. App. 174, the court said: "The general rule is that the officers of municipal corporations in determining plans for public works act judicially, and a private action will not lie for error in judgment in that respect. But we do not think the rule is applicable to the building of an ordinary sidewalk. Such an improvement is a very simple matter."

In the recent case of Gallagher v. City of Tipton, 133 S. W. 135, the Kansas City Court of Appeals said: "We still think, that if this were a case where plaintiff stepped off a gutter crossing constructed and maintained on a general plan of street improvement adopted and pursued by the city, there could be no recovery, but it appears from the evidence of plaintiff that this was not an ordinary crossing over an ordinary gutter, but that the city had negligently

constructed the crossing over a deep hole or washed out place without filling the hole to reduce the gutter to proper depth and width, or without placing guard-rails at the crossing, or without maintaining a street light there to show pedestrians the way on a dark night. Obviously a narrow and unguarded bridge over a deep hole is a dangerous place at night, and we do not think the city's general plan of construction sanctioned, or legally could authorize, the maintenance of that kind of trap to the unwary traveler."

In Walker v. City of Kansas, 99 Mo. 647, 12 S. W. 894, it is held that where a city opens a bridge for public travel, it must keep it, as a whole, in a reasonably safe condition for such use, and it will be liable for injuries caused by the defective condition of one side, though the other side is safe for travel.

In Powers v. Penn Mutual Life Ins. Co., 91 Mo. App. 55, the court used the following language: "We know of no traveled way of a proper sidewalk less than its width and outside of which the city would not be liable." The city's negligence, under the evidence, was a question for the jury and not for the court.

While the evidence shows that plaintiff had walked over the crossing several times previous to her injury, she testified that she had never observed that the plank crossing over the alley was not as wide as the walk.

In Graney v. St. Louis, 141 Mo. 180, 42 S. W. 941, the Supreme Court said: "The mere admission on part of the plaintiff that she knew of the defective condition of the walk at the time of and for a long period before she received her injury, does not of it-self constitute want of care on her part in the act of using same, and is not to be held as conclusive evidence of negligence on her part. While such knowledge may be important as evidence tending to estab-lish the plaintiff's negligence in the premises, it by

no means results as a necessary conclusion of law to be declared absolutely. The knowledge of plaintiff is only a circumstance to go to the jury in determining the question whether in attempting to use the walk on the night in question she was exercising the care of an ordinarily prudent person under like circumstances.''

In Chase v. Railroad, 134 Mo. App. 657, 114 S. W. 1141, the plaintiff knew of a defect in a place where he was walking, but at the very time forgot the existence thereof and was injured thereby. The court said: ''The fact that a footman forgets the existence of a defect in a sidewalk he is accustomed to travel and is injured by the defect is a circumstance to be considered by the jury in solving the question of contributory negligence but is not always conclusive evidence of such negligence.''

The appellant assails the correctness of plaintiff's instruction No. 1. This instruction, after requiring the jury to find that the sidewalk was a public street in the city, and that it was not reasonably safe for the use of pedestrians, by reason of the plank crossing being narrower than the sidewalk, and that the defendant knew, or by the exercise of ordinary care, might have known the fact, and on account of the negligence of the defendant, the plaintiff, while walking along said sidewalk, and on account of the defective and unsafe condition thereof, and while she' was exercising ordinary care on her part, stepped off on the north side of said plank and fell into the ditch in consequence of said plank walk being narrower than the sidewalk, and by reason of such narrowness of said walk, it was not reasonably safe, concludes with the following language: ''And if you shall further find that on account of the darkness or the presence of grass or weeds around about said crossing, if any, plaintiff could not in the exercise of ordinary care see the condition of said plank walk, and that as

a direct result of said fall plaintiff received the injury complained of, then your verdict shall be for the plaintiff.''

The objection to the instruction is, that it is broader than the petition, in this: The petition does not charge the defendant with negligence on account of any grass or weeds growing at or near the crossing. This is true, but testimony regarding the weeds and grass was offered for the purpose of showing that plaintiff was not guilty of contributory negligence; that she had not noticed the depth of the ditch or that the plank crossing was not as wide as the walk, because grass and weeds were growing about the place and obstructed the view. Her testimony was admitted without objection, and the defendant offered witnesses who testified regarding the grass and weeds, and at no time was any objection made to the testimony, or that the issue was not within the pleadings. [Fisher & Co. Real Estate Co. v. Realty Co., 159 Mo. 562, 62 S. W. 443; Litton v. Railroad, 111 Mo. App. 140, 85 S. W. 978; Daley v. Redburn, 127 S. W. 924.]

A careful reading of the instruction, however, will disclose that the matter complained of was not submitted as a question of negligence. The court had, in the former part of the instruction, clearly declared the facts authorizing a recovery, and required the jury to find that the sidewalk was dangerous or unsafe; that the plaintiff, while exercising ordinary care for her own safety, was injured on account thereof, and the part of the instruction complained of required the jury to further find that the plaintiff, on account of the darkness or the grass and weeds around the crossing, could not by the exercise of ordinary care, have known its condition. It plainly shows that this part of the instruction was a defense to the defendant's charge of contributory negligence. The answer had alleged that the plaintiff knew, or by the exercise of ordinary care, could have known, the condition of the

plank walk, and that she carelessly walked into the ditch and was injured. This part of the instruction was a reply to that charge, and simply told the jury if she did not, or could not have known the condition of the plank walk, because of the darkness or the grass or weeds, and if the city was guilty of negligence, and she was injured thereby, she could recover.

Appellant complains of the action of the court in admitting certain photographs in evidence. Those photographs are not in the record, and therefore, we cannot review the objection.

While the appellant has raised some other points in its brief, it will not be necessary to further notice the same, than to say that we have examined them and find that they do not justify a reversal of the judgment.

The judgment will be affirmed. All concur.