JOSEPH H. BORDERS, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 31, 1912.

1. **NEGLIGENCE: Humanitarian Rule: Electric Coupe.** This is an action to recover damages for the negligence of the defendant in causing its street car to·run into an electric coupe driven by the plaintiff's daughter. She was driving south on the west side of Grand avenue and when she came to the intersec-

tion of Grand avenue and Gillham road, she started to turn up Gillham road, and had about cleared the southbound track, when the car ran into the coupe, and wrecked it. *Held,* that the demurrer to the evidence was properly overruled, and that plaintiff was entitled to recover under the humanitarian rule.

2. ———: **Due Care: Jury Question.** It was a question for the jury to decide whether or not the motorman acted with due care under the facts and circumstances shown by the evidence.

3. ———: **Contributory Negligence: Defense.** Contributory negligence is not a defense to a cause founded on the humanitarian rule.

4. ———: **Affirmative Defense: Contributory Negligence: Issue of Fact.** Contributory negligence, being an affirmative defense, must be pleaded in the answer to raise an issue of fact for the jury to determine.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*John H. Lucas* and *Chas. N. Sadler* for appellant.

*George L. Davis* for respondent.

JOHNSON, J.—An electric coupe owned by plaintiff and driven by his daughter was wrecked in a collision with an electric street car operated by defendant and plaintiff sued to recover his damages on the ground that they were caused by negligence of defendant in the operation of the street car. The petition pleads that the driver of the coupe, its only occupant, while in the exercise of reasonable care, was induced to enter the sphere of danger by the negligence of the motorman in running the car at high and dangerous speed and in failing to give warning of its approach and also pleads negligence under what is known as the humanitarian or "last chance" rule. The answer under our ruling in Ramp v. Railroad, 133 Mo. App. 700, must be treated as presenting no other defense than a general denial. Verdict and

judgment were for plaintiff in the sum of $667.50, and defendant appealed.

Plaintiff bought the coupe two or three months before the injury and paid $2500 for it. His daughter, a young woman, had become proficient in running it and was returning home from taking her father to his office. She traveled south on Grand avenue, a wide and much traveled thoroughfare, and her course was along the west side of the street until she came to the junction with Gillham road when she turned to a southeasterly course for the purpose of going on that road which is a boulevard and more desirable for motor cars than Grand avenue, a street used for all kinds of travel. There are two street car tracks on Grand avenue, the west track being used for southbound cars. The young woman took a diagonal course to cross the tracks and had almost cleared the first one when a southbound street car collided with the rear end of the coupe and wrecked it. Fortunately she escaped injury but plaintiff was put to an expense of $667.50 for repairs on the coupe.

The driver states that when first she turned to cross the tracks she looked back out of the side window to a point on the track, afterwards found to be 170 feet from the place of collision, and the car was not in sight. Assuming she had a clear course and the pavement over the tracks being a little rough she threw on the first speed (the slowest) and crossed at a speed of not over four miles per hour. The bell of the car was not rung and she did not know of its approach before the collision. The distance traveled by the coupe from the place she started to cross and looked back, to the place of collision was forty-two feet. This testimony tends to show that the street car traveled more than 170 feet while the coupe, going at four miles per hour traversed forty-two feet, and supports a reasonable inference that the speed of the street car was from sixteen to twenty miles per hour.

The driver admits the view rearward was unobstructed and that by looking back out of the rear window of the coupe she could have seen the car, but she thought the view afforded by the side window was all the demands of safety required and did not make the additional effort.

The defendant introduced no evidence.

In the consideration of the questions raised by counsel for defendant in their argument on the demurrer to the evidence which they insist should have been given, we shall assume as proved the following facts we ' find abundantly supported by evidence. First, that when the coupe first turned to cross the tracks the street car was more than 170 feet away and was approaching at a speed of sixteen to twenty miles per hour; second, that the intention of the driver of the coupe to cross ahead of the car must have been apparent to the motorman at that time; third, that he had ample opportunity to avoid a collision either by reducing speed or by giving warning signals which, if given, would have enabled the driver of the coupe to cross in safety by accelerating its speed and, fourth, that the motorman, supposing the coupe had time to cross, failed to put forth any effort to avert the collision.

In the instructions given at the request of plaintiff, the theory that the young woman was in the exercise of reasonable care appears to have been abandoned by plaintiff and his right to a recovery is predicated solely upon the negligence under the last chance rule. We shall not discuss abandoned issues and, assuming for argument that the evidence of plaintiff accuses her of negligence in law which contributed to place her and her vehicle in the path of danger, the facts we have stated convict the motorman of negligence under the last chance rule that must be considered as the sole proximate cause of the injury. In such view the negligent acts that brought the perilous situation

into being must be relegated to the field of remote causes. With a clear view ahead and having before his eyes the clearly manifested purpose of the driver of the coupe to cross ahead of the car, it is charitable to the motorman to say that he conducted himself on the erroneous supposition that the coupe had time to clear the track. A reasonably careful and prudent man in such situation would not speculate with the safety of another—would not act on nice calculations, when he had an ample margin of safety to go on. It was for the jury to say whether or not the motorman acted with due care under the circumstances of the situation. The case is similar in principle to that of Flack v. Railroad, 162 Mo. App. 650, and we refer to that opinion and to the cases therein cited as sustaining our conclusion that the demurrer to the evidence was properly overruled.

The criticism offered by defendant to plaintiff's first instruction is based on the erroneous view that the negligence submitted was not a breach of the humanitarian duty of the motorman. Contributory negligence is not a defense to a cause founded on the last chance rule. Furthermore contributory negligence being an affirmative defense must be pleaded in the answer to raise an issue of fact for the jury to determine and the answer before us contains no such plea.

The objections to certain rulings of the court on evidence are pronounced not well taken. The case was tried without prejudicial error and we shall not reverse a judgment for errors that clearly were harmless.

The judgment is affirmed. All concur.