## MARY DEVLIN v. CITY OF ST. LOUIS, Appellant.

**Division One, July 10, 1913.**

1. **NEGLIGENCE: Contributory: Matter of Law.** Where plaintiff was tripped by striking her foot against one of the tilted ends of a plank, which lay lengthwise and with two others formed the sidewalk on which she was walking, thereby being caused to fall, resulting in an injury to her knee, for which she sues the city, and there was evidence that the sidewalk had been permitted to exist in an unreasonably defective condition for such a length of time that defendant was chargeable with notice thereof, but no evidence tending to prove it was so imminently dangerous that no person of ordinary care and prudence would use it as a pathway, the court did not err in refusing to declare, as a matter of law, that plaintiff was precluded from recovering by her contributory negligence.

2. **————: Excessive Verdict: Instruction Including Matters Not Shown in Evidence: Inability to Labor.** There was no evidence showing any loss of time by plaintiff beyond the time she employed a helper in her housework at $1.35 per day for three weeks and occasionally thereafter for one day a week, the aggregate amount not exceeding $175; and beyond this there was no evidence of her loss of time or inability to labor. The instruction, authorizing a verdict "not exceeding the sum of $2000," told the jury to allow her "for loss of time and inability to labor." *Held*, that, the verdict being very large if not excessive, and it being difficult to account for its size on any other theory than that the jury intended to compensate plaintiff for a permanent disability to perform her usual work, the instruction was error. An instruction on facts not proven, if the verdict is substantially larger than the evidence appears to warrant, is necessarily reversible error. The rule might be otherwise if the record demonstrated that the verdict was not materially enhanced, for then the error would be harmless.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

REVERSED AND REMANDED.

*William E. Baird* and *Robert Burkham* for appellant.

(1) Plaintiff's own testimony indisputably establishes that she was guilty of contributory negli-

gence as a matter of law. Craine v. Railroad, 152 S. W. 24; Cohn v. Kansas City, 108 Mo. 387; Ray v. Poplar Bluff, 70 Mo. App. 252; Wheat v. St. Louis, 179 Mo. 572; Coffey v. Carthage, 186 Mo. 573; Woodson v. Railroad, 224 Mo. 685; Ryan v. Kansas City, 232 Mo. 471; Diamond v. Kansas City, 120 Mo. 185; Border v. Sedalia, 161 Mo. App. 633. (2) Respondent's instruction number four is clearly erroneous, since it permits the jury to compensate her for loss of time, though there is no evidence showing its value. Davidson v. Transit Co., 211 Mo. 320; Slaugher v. Railroad, 116 Mo. 269; Stoetzle v. Swearingen, 96 Mo. App. 592; O'Brien v. Loomis, 43 Mo. App. 29; Mammerberg v. Railroad, 62 Mo. App. 563; Leach v. Railroad, 137 Mo. App. 300; Paquin v. Railroad, 90 Mo. App. 118.

*L. Frank Ottofy* for respondent.

(1) The testimony being disputed as to the condition of the sidewalk, it appearing that many persons had used it, the question of contributory negligence was clearly a question of fact for the jury. A pedestrian is not precluded from passing over a sidewalk which he knows to be defective unless the danger was so great that a person of ordinary prudence would, in the exercise of ordinary care, have changed his course. Combs v. Kirksville, 134 Mo. App. 645; Flynn v. Neosho, 114 Mo. 567; Graney v. St. Louis, 141 Mo. 181; Taylor v. Springfield, 61 Mo. App. 263; Chilton v. St. Joseph, 143 Mo. 202; Swanson v. Sedalia, 89 Mo. App. 128; Beauvais v. St. Louis, 169 Mo. 506; Swails v. Caruthersville, 158 Mo. App. 601; Loftis v. Kansas City, 156 Mo. App. 683; Howard v. New Madrid, 148 Mo. App. 57; Hill v. St. Joseph, 143 Mo. App. 389; Chase v. Railroad, 134 Mo. App. 655. (2) Respondent's instruction number 4, authorizing the jury to find for plaintiff "for loss of time and inability to labor," was properly given, because: (1) she was

a widow entitled to her earnings; (2) the value of housework is within the common knowledge of the jury and requires no proof; but there was evidence from which her loss can be estimated and to which there was no objection; (3) inability to labor is a violation of her personal rights. Wellmeyer v. Transit Co., 198 Mo. 527; McNeill v. Cape Girardeau, 153 Mo. App. 424, 160 Mo. App. 620; Becker v. Real Estate Co., 118 Mo. App. 82; Ingles v. Railroad, 145 Mo. App. 241; Cullar. v. Railroad, 84 Mo. App. 346, 351; McRae v. Railroad, 125 Mo. App. 562; Nelson v. Railroad, 113 Mo. App. 665; Mabrey v. Gravel Road Co., 92 Mo. App. 603; Peltier v. City, 237 Mo. 694; Snickles v. St. Joseph, 155 Mo. App. 311.


STATEMENT.


The plaintiff when walking over the pavement of Louisiana avenue with her daughter on November 8, 1906, was tripped by striking her foot against one of the tilted ends of a plank, which laid lengthwise and with two other planks formed the walk, thereby causing her to fall down and injure her right leg near the knee.

At the time of the accident, which was about six p. m., plaintiff was on her way to the Grand avenue street car line to ride to Beers Hotel, where she was to take dinner with another daughter.

After the fall the plaintiff was assisted to arise and proceed on her journey to the car, which she was assisted to enter by the conductor. When she arrived at the hotel she was met by her daughter and a friend of the latter, and went to her daughter's room where her limb was rubbed with liniment. The meal was then had, after which, the plaintiff and the daughter who had accompanied her, about nine p. m., returned on the street car to the point where she had embarked on it and thence walked home.

Plaintiff states that her limb was much swollen after the accident and caused her much suffering during the night, so that she called in a physician, Dr. Borne, the next morning, who testified to the best of his recollections he visited the plaintiff about six times, that he prescribed "hot applications and antiphlogistine later on after the acute swelling was over; and bandaging so as to give rest until the ligaments and other parts could be restored; and, that he thought there was a perfect cure. But it was impossible to tell beforehand, as sometimes this happened and sometimes it did not."

The plaintiff testified she was confined to her bed for about three weeks, during which time she hired a woman helper to do the housework, which she herself had performed previous to the accident. For this service she paid $1.35 per day. Plaintiff caused to be taken some photographs of the scene of the accident, but she made no claim therefor until the bringing of the present suit more than two years later.

Shortly before the trial of this case the plaintiff called at the office of another physician who stated that "he found from the statement of the plaintiff what seemed to be a sensitiveness on the inner side of the right knee—on pressure." According to the doctors, this is what is termed by them a "subjective symptom," by which they mean a symptom resting on the statement of the patient, and not one discovered by them, which they call an "objective symptom."

For the defendant, there was evidence that the plaintiff had used the sidewalk for a number of years and was fully aware of its condition. That sometime after the accident she had been observed by her next door neighbor to be doing outside work—sweeping the pavement. The defendant also introduced a physician who examined plaintiff, at the time of the trial, who testified that he found no difference in her two knees. That he noticed crepitation, or a crackling

upon movement of the left knee. That this is very common among old people and meant nothing. That she did not appear to be lame when she walked into the room, that she complained when he pressed her right knee and that she wore a "rubber stocking," that he found no "objective symptom" of lameness.

The present suit was brought on the theory of negligence on the part of the city in permitting the sidewalks to remain in a dangerous and unsafe condition, thereby causing the injury sued for. The answer was a general denial and plea of contributory negligence. Plaintiff had judgment for $1750, from which the defendant duly appealed and assigns for error the refusal by the court to direct a verdict in its favor and the giving, over of its exceptions, of subdivision (3) of instruction numbered 4 for the plaintiff, to-wit: "(3) For the loss of time and inability to labor, which the jury believed from the evidence she has sustained or will sustain by reason of said injuries and directly caused thereby, not exceeding the sum of $2000."

## OPINION.

### I.

BOND, J. (After stating the facts as above.) —— The trial court did not err in refusing to declare, as a matter of law, that plaintiff was precluded from any recovery by her contributory negligence. There was ample evidence that the sidewalk in question was permitted to exist in an unreasonably defective condition at the place of the accident, and this had continued for so long that the defendant was chargeable with notice thereof. But there was no evidence proving that it was so imminently dangerous that no person of ordinary care and prudence would use it as a pathway.

*Contributory Negligence.*

Hence we overrule the assignment of error as to the submission of the case to the jury.

## II.

In the subdivision of the instructions complained of, the jury were directed to consider plaintiff's right to recover $2000 "for loss of time and inability to labor." There was no evidence showing any loss of time by the plaintiff beyond the time she employed a helper at $1.35 per day for three weeks and occasionally afterwards, for one day a week. The aggregate of the amount thus expended did not exceed $175. Beyond this outlay, there is no evidence of plaintiff's loss either of time or ability to labor, yet by the language of the instructions, the jury were told to look to both as elements of damage. This was confusing and misleading, for there was no proof in this record of damages for "inability to labor," as distinct from those caused by loss of time; since plaintiff wholly failed to prove any damages beyond what she sustained, while employing a substitute to do her work. [Davidson v. Transit Co., 211 Mo. l. c. 355.]

*Instructions: Outrunning Evidence.*

Under the facts in this case, the verdict seems very large if not excessive. It is difficult to account for the size of the recovery on any other theory than that the jury intended to compensate the plaintiff for a permanent disability to perform her usual work, which this instruction was broad enough to permit, although there was no basis in the proof for such finding.

An instruction on facts not proven, which is followed by a verdict substantially larger than the case appears to warrant, is necessarily reversible error. The rule might be otherwise if the record demonstrated that the verdict was not materially enhanced, for then the error would be harmless, as was shown in a recent case. [Shinn v. Railroad, 248 Mo. 173.]

We conclude that there was error in the portion of the instruction complained of, since it permitted a recovery for a continuing and permanent "inability to labor" beyond the time during which plaintiff's work was performed by another person.. We think the verdict in this case was influenced in a substantial degree by this instruction, and for that reason the judgment is reversed and the cause remanded. *Woodson, P. J., Lamm* and *Graves, JJ.,* concur.