Stephens v. Eldorado Springs.

# W. A. STEPHENS, Respondent, v. CITY OF ELDO-RADO SPRINGS, Appellant.

**Springfield Court of Appeals, December 12, 1915.**

1. CONTINUANCE: Absent Witness: Sickness: Admissions: Dep-
ositions. No error was committed by the trial court in
denying defendant a continuance requested because of absent
witnesses on account of illness, where plaintiff admitted that
two of the witnesses, if present, would testify as set out in
the application and there was no showing that the deposition
of the other witness, which would have been admissible, could
not have been taken for use at the trial.

2. ——: ——: Admissions: Objections. Action for personal
injuries. Continuance requested by defendant because of the
absence of three witnesses who were ill. Plaintiff admitted
that two of the witnesses, if present, would testify as set out
in the application. This did not deprive plaintiff of the right to
question the sufficiency of the application relative to the third
witness.

3. DEFECTIVE SIDEWALKS: Personal Injuries: Contributory
Negligence. Action against city for personal injuries occa-
sioned by plaintiff stumbling over defective sidewalk. Evidence
reviewed and considered that the trial court properly sub-
mitted the case to the jury, also the question of contributory
negligence.

4. APPELLATE PRACTICE: Instructions: Refusal: Evidence.
The appellate court accepts as true the evidence most favorable
to defendant in determining the effect of the failure of the
trial court to give defendant's refused instructions which em-
body defendants' theory of the case.

5. ——: Instructions: Contributory Negligence: Theory of
Trial. Action for personal injuries occasioned by defective
sidewalk. Defendant pleaded a general denial, but was per-
mitted at the trial to make defense of contributory negligence
and, without objection, to take advantage of plaintiff's testimony
as tending to establish that defense. Plaintiff, on appeal, could
not claim that the court properly refused defendant's instruction
on that issue because that defense was not pleaded.

6. EVIDENCE: Negligence: Contributory Negligence. A de-
fendant has a right to take advantage of plaintiff's testimony
tending to show plaintiff's negligence.

7. **INSTRUCTIONS: Contributory Negligence: Due Care: Special Presentation.** Action against city for personal injuries due to defective sidewalk. Plaintiff's due care was the decisive and only seriously contested question. Defendant was entitled to have such question presented to the jury by affirmative instructions. It was not sufficient that the court merely referred to the care plaintiff was using in the other instructions.

8. ————: **Personal Injuries: Municipal Corporations: Contributory Negligence: Instructions Properly Refused.** Action against city for personal injuries on account of defective sidewalk. An instruction requested by defendant on contributory negligence examined and *held* that its refusal was improper and constituted reversible error.

9. ————: **Injuries: Defective Sidewalks: Contributory Negligence: Care.** In an action against a city for personal injuries on account of defective sidewalk, an instruction was given to the effect that one knowingly using a defective sidewalk at night must grope or feel his way until he passes the defect. Such instruction should be corrected by omitting the word "grope" and by adding after the words "until he passes the defect" the qualification "or has reason to believe and does believe as the result of the exercise of ordinary care, that he has passed it."

Appeal from Saint Clair County Circuit Court.—*Hon. C. A. Calvird,* Judge.

REVERSED AND REMANDED.

*R. N. Banister* and *Mann, Todd & Mann* for appellant.

(1) It was reversible error to refuse defendant a continuance on account of the absence of Dr. Hill as a witness, or as an alternative to refuse to allow defendant to read to the jury the statement of what Dr. Hill would testify as set out in the application. Oliver v. Aylor; 173 Mo. App. 323; Epstein v. Railroad, 250 Mo. 1. (2) The court erred in refusing to sustain defendant's demurrer for the reason that under the state of facts shown in the testimony plaintiff was

guilty of contributory negligence in law. Diamond v. Kansas City, 120 Mo. App. 185; Border v. Sedalia, 161 Mo. App. 633; Ryan v. Kansas City, 232 Mo. 171; Wheat v. St. Louis, 179 Mo. 572; Coffey v. City of Carthage, 186 Mo. 584; Woodson v. Railroad, 224 Mo. 685. (3) The court erred. in refusing to give to the jury defendant's instructions numbers 2, 3, 4, 5 and 6 on question of contributory negligence. Authorities cited under point 2.

*J. C. Hargus, J. A. Gilbreath* and *Scott & Bowker* for respondent.

(1) An application for continuance is addressed to the sound discretion of the trial court and unless it is manifested that such discretion has been abused the appellate court will not interfere. Owens v. Tinsley, 21 Mo. 423; Barthlow v. Campbell, 56 Mo. App. 117; Smith v. Smith, 132 Mo. 681. (2) Where an application for a continuance does not show diligence, or no effort to take the deposition of the witness who is claimed to be sick, or reason for not doing so, the appellate court will not interfere with the action of the trial court on such an application. Harris v. Powells, 56 Mo. App. 24; Smith v. Smith, 132 Mo. 681. (3) The trial court did not err in overruling appellant's demurrer to the evidence under the testimony of this case. Deblin v. City of St. Louis, 252 Mo. 203; Heberling v. City of Warrensburg, 204 Mo. 604; Nicholas v. City of St. Joseph, 139 Mo. App. 187; Gibbs v. Monett, 163 Mo. App. 105. (4) It is error to instruct for a defendant on the theory of contributory negligence unless there is a proper plea of contributory negligence in the answer. White v. Railroad, 250 Mo. App. 476; Collett v. Kuhlman, 243 Mo. 585; Stewart v. Railroad, 142 Mo. App. 322.

ROBERTSON, P. J.—This action originated in Cedar county and was taken on a change of venue to

St. Clair county, where a jury trial resulted in a verdict for plaintiff and defendant has appealed.

Plaintiff, while passing at night along one of the defendant city's sidewalks, constructed of flagstone, caught his foot on the end of a stone therein raised about six inches above the general level of the walk where it crossed a gully and fell, receiving the injuries for which he sued. The defendant does not on this appeal question that there was ample testimony from which the jury was justified in finding it guilty of negligence. This walk had been plaintiff's usual route between his home and place of business for a long time and consequently he was perfectly familiar with the defect. Appellant does not complain of the amount of the verdict. The two points urged are that the trial court erred in overruling its application for a continuance and in refusing requested instructions, one of them a direction to find for defendant.

The application for a continuance was on the grounds of the absence of three witnesses, residents of defendant city and one of them, Dr. Hill, being the physician who rendered the first aid to the plaintiff after his injury. The application sets out that the witnesses were absent "on account of their own sickness or sickness of members of their family, as shown by certificates of physicians" thereto atached. The record does not disclose these certificates, but the respondent, in his brief concedes that Dr. Hill was sick. The respondent admitted that if the two witnesses, other than Dr. Hill, would, if present at the trial, testify as set out in the application. The court then overruled the application as to Dr. Hill. There was no reversible error committed in so doing. The deposition of Dr. Hill would have been admissible under the third, fourth and fifth paragraphs of section 6411, Revised Statutes 1909 and there was no showing that it could not have been taken for use at the trial. [Harris

v. Powell, 56 Mo. App. 24, 25; Smith v. Smith, 132 Mo. 681, 34 S. W. 471.]   The case was lodged in the St. Clair County Circuit Court a month before the trial.

The fact that the plaintiff may have seen fit to make the admissions concerning the other two witnesses does not deprive him of his right to stand on the question as to the sufficiency of the application so far as it related to Dr. Hill.  Appellant insists that the real reason for not making the admission as to Dr. Hill was that respondent thought the doctor was disqualified as a witness, but the record does not disclose this to be a reason for not making the admission, and we must sustain the court's action here on any proper ground that the record justifies.

The appellant concedes here that while the plaintiff knew of the defect in the walk he was not guilty, as a matter of law, of contributory negligence in using it, but contends that we should declare as a matter of law that he did not exercise ordinary care in his use of it.  In arguing this proposition the defendant has relied very materially on testimony of the plaintiff that may be construed most unfavorable to him, while we must in view of the verdict adopt the most favorable construction, and in so doing we find we must rule against appellant on its contention that the trial court erred in refusing to direct a verdict for it. That the respondent *could* have avoided the accident is beyond controversy, but the question we have is, should we declare as a matter of law that the plaintiff was not exercising such care as an ordinary prudent person would use under the same or similar circumstances?  At the place where he fell it was dark and he says he was proceeding carefully, as he had always done in passing over the walk at night, and that he thought he had passed this defect.  There was no testimony by the witnesses as to the surroundings, that there was any particular thing there, except the de-

fect itself, to indicate the exact location of this rise in the walk, or whereby he could fix its location. The gully was there, but there is no evidence to what, if any, extent it could be seen the night of the accident. The jury was exhibited photographs, but they are not reproduced in the record and we cannot know what they disclose. In the case of Ryan v. Kansas City, 232 Mo. 471, 483, 134 S. W. 566, 585, cited by appellant, it is said that the duty of exercising ordinary and usual care does not "mean that the pedestrian must keep his eyes rivited upon the sidewalk at each step of the progress." In another case cited by appellant, Border v. City of Sedalia, 161 Mo. App. 633, 638, 144 S. W. 161, we find the following rule announced:

"If the danger was of a nature to threaten plaintiff with injury if he attempted to use that way at night despite the care he might exercise, his use of the crossing should be denominated negligence in law, since an ordinarily careful and prudent person would not voluntarily and unnecessarily subject himself to risks of that kind. On the other hand, if the danger was of a less degree and was one that could be overcome by the exercise of reasonable care, the issue of whether or not plaintiff was negligent would be one of fact for the jury to determine."

All of the cases relied on by appellant have been read by us as well as the cases therein cited, but we can see no reason for further commenting on them as we are convinced this is a proper case for a jury, and that in so holding we are following the decisions of the Supreme Court and are not in conflict with any decision of the other Courts of Appeal. [Delvin v. St. Louis, 252 Mo. 203, 158 S. W. 346; Gibbs v. Monett, 163 Mo. App. 105, 111, 145 S. W. 841; Graney v. St. Louis, 141 Mo. 180, 184, 42 S. W. 246; Alexander v. St. Joseph, 170 Mo. App. 376, 156 S. W. 729.]

The defendant requested and was refused five instructions, besides its demurrer to the evidence (refused instruction numbered 1), hypothetically submitting, in a specific manner, the question of plaintiff's negligence. The refused instruction, numbered 2 in the abstract of record, is as follows:

"The court instructs the jury that where a person knows of a confronting danger, and fails to use reasonable care to avoid being injured thereby, the law calls his conduct careless, because it is out of harmony with oridnary prudence and loads it with the entire responsibility for the consequences, notwithstanding the negligence of another may have aided in producing them.

"Therefore if you find and believe from the evidence that plaintiff knew of the defective condition of the sidewalk and failed to use reasonable care to avoid falling on it your verdict should be for defendant."

In determining the effect of the failure of the court to give some of defendant's refused instructions, embodying the theory therein contained as to this defense, we must accept as true the testimony most favorable to it, as we did above in plaintiff's behalf when passing on defendant's demurrer to his testimony. In one place of the plaintiff's testimony he has this to say about his conduct in passing over the walk on the night of the accident:

"I was going along carefully as I had before. I don't remember that I thought about whether it would be dangerous to go along there or not. I walked along at an ordinary gait, about the same as I did in the daytime, knowing all the time the bad place was there and that it was dark so I could not see it." There was other similar testimony which, with the above quoted, the defendant had a right to have considered by the jury under proper instructions.

Only one instruction was given in behalf of plaintiff and in it was the requirement that the jury should find that the plaintiff "was in the exercise of ordinary care at the time" of the accident. The instructions given for defendant, two in number, contained the same general language and defined "ordinary care" as "such care as an ordinarily prudent person would use under the same or similar circumstances." The respondent seeks to justify the refusal of defendant's instructions on the ground that contributory negligence was not pleaded. The defendant, in the course of the trial, announced that it relied on the general denial in its answer, and it thereafter introduced what evidence there is here as to the negligence of plaintiff without objection from the plaintiff. Evidently the plaintiff conceded that defendant has the right to take advantage of plaintiff's testimony tending to prove his negligence. [Engleking v. Railroad, 187 Mo. 158, 164, 86 S. W. 89; Benjamin v. Railroad, 245 Mo. 598, 614, 151 S. W. 91; Wallower v. Webb City, 171 Mo. App. 214, 221, 156 S. W. 48.]

In view of the fact that in this case the question of the extent of care which plaintiff exercised in passing over the sidewalk in question was the decisive and the only seriously contested point, it was but fair that the defendant have such requested instructions given in its behalf, when as here not unreasonable in numbers, as properly and fully submitted its defense. The "mere reference to the care that plaintiff was observing was not all that the defendant was entitled to in the way of an instruction on the question of contributory negligence," nor did the instructions given "entirely cover the point." [Allen v. St. Louis Transit Co., 183 Mo. 411, 436, 81 S. W. 1142.] It matters not whether we call the negligence aimed at by defendant's refused instructions "contributory negligence" or whether we say they apply to conduct that

would disprove the theory of plaintiff that he was exercising ordinary care, since he must prove this, at least when the defect is known to him, to make his prima-facie case. [Woodson v. Met. St. Ry. Co., 224 Mo. 685, 702, 123 S. W. 820 and Ryan v. Kansas City, 232 Mo. 471, 479, 134 S. W. 566, 585.] Plaintiff's negligence was an issue upon which the defendant was entitled to a fair submission to the jury of its contentions relative thereto. This the court refused to do and we must hold reversible error was thus committed.

While we have quoted the defendant's refused instruction numbered 2, as a proper one to give, and referred to others, we suggest that an instruction similar to defendant's refused instruction numbered 6 should not be given in its present form. It concludes by stating that "if the circumstances demand it, such person must grope or feel his way, until he passes the defective place." This should be qualified, under the facts developed in this trial, by adding after the words, "until he passes the defective place," the qualification "or has reason to and does believe, as the result of the exercise of ordinary care, that he has passed it." He was not required to feel his way under all circumstances, until it was clear to a certainty that he had passed the defect, if in the exercise of ordinary care he had a right to and did believe he had passed it. The instruction would be simpler and less likely to confuse the jury if the word "grope" is omitted.

The plaintiff cannot rely on forgetfulness or oversight of the defect to relieve him from the duty of exercising ordinary care. [Wheat v. City of St. Louis, 179 Mo. 572, 580, 78 S. W. 790.]

In view of a retrial we suggest that a fuller and clearer showing be made of the surroundings at the place of the alleged defect and that if plaintiff makes

a case for the jury the defendant be given such fair and reasonable instructions as it may request, having due regard to the facts, ignoring such questions of law as are herein discussed that may not be applicable to the case made on the next trial.

The judgment is reversed and the cause remanded. *Sturgis* and *Farrington, JJ.,* concur.

## SEPARATE CONCURRING OPINION.

STURGIS, J.—I concur in the opinion herein, and more particularly because the answer contains a good plea of contributory negligence unless attacked before trial.

The answer, touching this question, is as follows: "And defendant says that plaintiff having knowledge of the actual condition of said sidewalk at the time of his alleged injury, and of any unsafe or dangerous condition of the same, voluntarily assumed all risk of injury incident to using the same; and that whatever injuries plaintiff received in passing over said sidewalk were the direct result of his own negligence and carelessness contributing thereto as the proximate cause thereof." It is said that this is not a sufficient plea of contributory negligence. We are cited to Ramp v. Railroad, 133 Mo. App. 700, 114 S. W. 59; Cain v. Wintersteen, 144 Mo. App. 1, 128 S. W. 274; and Borders v. Met. St. R. Co., 168 Mo. App. 172, 153 S. W. 72, as sustaining this contention. In the Borders case, supra, the answer is not set out and it is merely said not to raise this issue under the holding in the Ramp case, supra. In both the Ramp and Cain cases, supra, the answers are different than here and in each charge in effect that plaintiff's injuries were due solely to his own negligence; while here, the answer plainly charges that plaintiff's negligence contributed to his injury. An answer more objectionable in this respect than this one is held good in Harmon v. Railroad, 163 Mo. App.

442, 449, 143 S. W. 1114, and in Peterson v. Railroad, 211 Mo. 498, 519, 111 S. W. 37. I think we ought to hold in this case, as we did in Wallower v. Webb City, 171 Mo. App. 214, 222, 156 S. W. 48, that such an answer is sufficient to raise this issue unless attacked by a motion to make same more specific. It is distinctly held in Conrad v. De Montcourt, 138 Mo. 311, 325, 39 S. W. 805, that: "A general charge of negligence is good as a basis for proof unless objected to at a proper time, before trial." The same ruling is made in Johnson v. Met. St. R. Co., 104 Mo. App. 588, 591, 78 S. W. 275, and cases there cited. There was no objection made to the plea of contributory negligence on plaintiff's part as contained in this answer, except by objection to the evidence during the trial. That is not a proper way to challenge the sufficiency of the plea.