EARL R. LEACH v. CITY OF ST. JOSEPH, Appellant.—No. 38671.—176 S. W. (2d) 468.

Division One, December 6, 1943.

Rehearing Denied, January 3, 1944.

194

*Homer C. King,* City Counselor, and *Bart M. Lockwood,* Assistant City Counselor, for appellant.

*W. J. Boyd* and *Miles Elliott* for respondent.

196

GANTT, J.—Action for personal injury damages in the sum of $30,000. In substance it is alleged that the defendant city negligently failed to barricade and maintain red lights in front of a disturbed condition of a street as a warning to travelers of the existence of said condition, and that said failure caused injury to plaintiff, who was traveling on the street as a guest in an automobile. The answer was a general denial with affirmative pleas, including contributory negligence of the plaintiff. The verdict was for the city.

The court ruled that Instruction "H", given at the request of defendant, was erroneous and for that reason sustained the motion for a new trial. Defendant appealed. It contends that the court should have directed a verdict for the defendant on the issue of contributory negligence. There was evidence tending to show facts as follows:

The main street from South St. Joseph to the business section of the city is Sixth Street, which is sixty feet in width. At the time of plaintiff's injury and before, the car tracks were being moved from the center of the street. Generally the traveling public used twenty feet on the sides of the street. Travelers were warned of a disturbed condition by barricades and warning lights. Plaintiff and Harry Kidd resided in South St. Joseph. They knew of the disturbed condition, the barricades and the warning lights. At 7:30 P. M. on March 10, 1938, plaintiff, as a guest, traveled north on the east side of Sixth Street, in Kidd's automobile, from South St. Joseph to the business section of the city. The automobile was owned and driven by Kidd. Generally the east twenty feet of the street served traffic to and from the business section. In traveling northward plaintiff and Kidd casually noticed the warning lights and the disturbed condition of the center of the street. On arriving in the business section and after Kidd transacted his business, he drove the automobile southward, on the west side of the street, in returning to South St. Joseph. Plaintiff was sitting beside him on the front seat. On reaching a point about a half block north of Atchison Street, which intersects Sixth Street, they noticed that all of the west side of the street at that point was barricaded and travelers warned by red lights in front of the barricade. Kidd then drove to the east side of the street. At that time the plaintiff remarked to Kidd that "the condition of the street was confusing which way to drive". The intersection of Sixth and Atchison Streets was not disturbed by the removal of the tracks. On reaching the east side of the intersection Kidd drove the automobile

southward. At that time both plaintiff and Kidd saw a red light in front of them, which was located on the east side of the center twenty feet of the street and twenty to twenty-five feet south of the south line of the intersection. Kidd continued to drive the automobile at twenty-five miles per hour. As the automobile passed over the south line of the intersection, its wheel or wheels ran into a groove or grooves left by the removal of the tracks north of the barricade. Instantly Kidd applied the brakes, which failed to operate as usual because one of the tires "blew out", thereby interfering with the effort to stop the automobile and avoid a collision with the barricade, located twenty to twenty-five feet south of the south line of the intersection. The driver did not succeed in avoiding the collision. As a result, a part of the barricade was thrown against the windshield, breaking the same and injuring the plaintiff.

On the above stated facts, it could not be ruled, as a matter of law, that plaintiff, in the exercise of ordinary care as a guest, should have observed the disturbed condition of the street north of the barricade in time to have avoided the collision by warning the driver. The rule is stated in Buehler v. Festus Merc. Co., 343 Mo. 139, 119 S. W. (2d) 961, 964, and Annin v. Jackson, 340 Mo. 331, 100 S. W. (2d) 872, 877.

Defendant also contends that the court should have directed a verdict for it under Sec. 6576, R. S. 1939, which follows:

"Whenever any city of the first class shall be made liable to an action for damages by reason of the wrongful act, negligence, carelessness or unskillfulness of any person or corporation, and such person or corporation shall also be liable to an action on account thereof by the party so injured, the injured party, if he sues such city for damages, shall also join such other person or persons or corporations so liable, if residing in this state, and no judgment shall be rendered against such city unless judgment be rendered against such other person or corporation so liable to be sued as aforesaid," etc.

Defendant insists that the driver of the automoble was responsible for the injury to plaintiff through his failure to exercise the highest degree of care in the operation of the automobile, and for that reason should have been made a party defendant under the above quoted section.

Under said section the driver should not be made a party defendant unless the city is liable for his negligence. In making the contention that the driver should have been made a party defendant, the city necessarily admits liability for the negligence of the driver. If so, and the driver were a party defendant, there necessarily would be a verdict and judgment against the city, under its admission that the driver was negligent and that it was liable for said negligence. It is clear that the city is not liable for the negligence of the driver. The statute is without application to the facts of this case.

■ Defendant also contends that the assignments of error in the motion for a new trial on instructions is insufficient. The assignment follows: "The court erred in giving instructions E, F, G, H, I, J and K and each of them on the part of defendant offered the objections and exceptions of plaintiff". Under the ruling of this court the assignments are sufficient. [Wampler v. Railroad, 269 Mo. 464, 190 S. W. 908; Bobos v. Krey Packing Co., 317 Mo. 108, 296 S. W. 157; Beaber v. Kurn, 91 S. W. (2d) 70.]

■ Defendant also contends that the court erred in ruling that instruction "H" was erroneous. The instruction follows:

"The Court instructs the jury that where a person knows of a confronting danger such as a street being torn up and lighted barricades being in said street and fails to use reasonable care to avoid being injured thereby, the law calls his conduct careless because it is out of harmony with ordinary care and prudence and loads it with the entire responsibility for the consequences, notwithstanding the negligence of another may have aided in producing them.

"Therefore if you find and believe from the evidence that the plaintiff knew that Sixth Street just south of Atchison Street was torn up and knew that a barricade or any other obstruction to traffic existed at said place, and you find and believe from the evidence that he failed to use reasonable care to avoid colliding with the barricade, then he cannot recover in this case and your verdict must be for the defendant."

It will be noted that the instruction does not require the jury to find that plaintiff's failure to use reasonable care to avoid the collision contributed to cause his injury. For this and other reasons the trial court ruled correctly in sustaining the motion for a new trial. Plaintiff cites Cordray v. Brookfield, 334 Mo. 249, 65 S. W. 2d 938, and Stephens v. Eldorado Springs, 185 Mo. App. 464, 171 S. W. 657.

In both of the cited cases the plaintiff was a pedestrian injured by a defective sidewalk. In the Cordray case an instruction, similar to Instruction "H" given at the request of the defendant in this case, was given at the request of the defendant in that case. Plaintiff had a verdict in that case. Of course, on appeal the defendant in that case did not challenge the instructions given at its request. In that case we ruled that the instructions on contributory negligence "given at defendant's instance, submitted this point fairly enough for defendant". In other words, the instruction in that case was not, challenged as to form and contents.

■ In the Stephens case the plaintiff also had a verdict. In said case the trial court refused an instruction similar to Instruction "H" given in this case. On appeal, the plaintiff contended that the defendant did not plead contributory negligence and for that reason the trial court ruled correctly in refusing the instruction. The court of appeals ruled that the issue of contributory negligence was in the

case. In said case the court of appeals also ruled that the requested instruction was similar to the instruction given at the request of the plaintiff, and for that reason should have been given. The form and contents of the requested instruction was not considered by said court.

We think that other errors in instructions given at the request of the defendant will disappear on a retrial of the case. The judgment is affirmed and the cause remanded. All concur.